Filed In Office Mar-02-2017 11:30:26
ID# 2017-0029727-CV
Page 1

*Rebecca Keaton*
Rebecca Keaton
Clerk of Superior Court Cobb County

## IN THE SUPERIOR COURT OF COBB COUNTY

### STATE OF GEORGIA

| | |
|---|---|
| **TONY L. WARE and TRICIA ORTIZ,** | * |
| **Plaintiffs,** | * |
| | * |
| **v.** | * **CIVIL ACTION** |
| | * **FILE NUMBER:** 17-1-1591-53 |
| **WACHOVIA BANK, N.A.,** | * |
| | * |
| **Defendant.** | * |

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file with the Clerk of said Court and serve upon plaintiff's attorney, whose name and address is:

**Dr. Tony L. Ware, PhD, JD**          **Mrs. Tricia Ortiz**
**P.O. Box 150524-Dept. 0227**          **4287 Highborne Drive, N.E.**
**Atlanta, Georgia 30315-0188**          **Marietta, Georgia 30066-2428**

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

If a hearing has already been scheduled in this case, you must appear at that scheduled hearing, regardless of whether the 30 days for filing an answer has elapsed.

This ___2nd___ , day of ___March___ , 2017.

**Hon. REBECCA KEATON**
**Clerk of Superior Court of Cobb County**

*Rebecca Keaton*

_____
**By: Deputy Clerk**

EXHIBIT
1

COBB COUNTY, GA
FILED IN OFFICE

2017 MAR -2  AM 11: 43

*[signature]*

COBB SUPERIOR COURT CLERK

**IN THE SUPERIOR COURT OF COBB COUNTY**

**STATE OF GEORGIA**

| | | |
|---|---|---|
| TONY L. WARE and TRICIA ORTIZ as legal owners and investors, | § § § | |
| Plaintiffs, | § § | |
| v. | § | CIVIL ACTION FILE NUMBER: 17-1-1591-53 |
| WACHOVIA BANK, N.A. | § § | |
| Defendant. | § § | VERIFIED COMPLAINT AND DEMAND FOR TRIAL BY JURY |

**COMPLAINT FOR DAMAGES; FRAUD; GROSS NEGLIGENCE; RICO; CONVENTIONAL QUIA TIMET AND BILL OF PEACE IN EQUITY**

**COMES NOW, Dr. TONY L. WARE, PhD, JD** and **TRICIA ORTIZ** the

Plaintiffs in this action and hereby files this Complaint for Damages against

**WACHOVIA BANK, N.A.**, the Defendant pursuant to **O.C.G.A. § 51-6-1; O.C.G.A.**

**§ 16-14-1** and **O.C.G.A. § 23-3-40** by showing this Court the following:

**I. PRELIMENARY STATEMENT**

1. This civil action is brought the Plaintiffs for damages, fraud; Georgia RICO

violations; gross negligence done by the Defendant and also asking equitable relief.

2. The Plaintiffs brings this civil action to remove a certain cloud upon their

title pursuant to **O.C.G.A. § 23-3-40** due to fraud and forgery by the Defendant's

officers; agents; servants; employees and attorneys with respect to this case.

3. The Plaintiffs asking for bill of peace in equity and a permanent injunction

pursuant to **O.C.G.A. § 9-5-1** to restrain and enjoin Defendant, its officers; agents;

servants and attorney from taking any action that is infringing upon the rights of

the Plaintiffs which constitute a trespass against their property rights.

Page 1

## II. PARTIES

4. The Plaintiff, Dr. TONY L. WARE, PhD, JD whose address is: P.O. Box 150524-Dept. 0227, Atlanta, Georgia 30315-0188 and may be served with all pleadings, motions, demands and notices as it relates to this proceeding and therefore subject to the jurisdiction of this Court with respect to this action only.

5. The Plaintiff, TRICIA ORTIZ whose address is: 4287 Highborne Drive, N.E., Marietta, Georgia 30066-2428 is also proceeding pro se in this matter and may be served with all pleadings, motions, demands and notices as it relates to this proceeding and therefore subject to the jurisdiction of this Court.

6. The Defendant, WACHOVIA BANK, N.A. is a foreign corporation doing business in this State and may be served with Summons and Complain at its registered agent namely: Brian P. Kamp, Secretary of State located at: 2 Martin Luther King Jr. Drive, West Tower Suite 313, Atlanta, Georgia 30334 having withdrawn its Certificate of Authority under **O.C.G.A. § 14-2-1520** and therefore is subject to the jurisdiction of this Court. See **Exhibit "A"** attached.

### III. JURISDICTION AND VENUE

7. This Court has exclusive subject-matter jurisdiction over this quiet title action with respect to title to land pursuant **O.C.G.A. § 44-2-60** and the **Georgia Constitution, Article VI § II ¶ III** which also vest this Court equity jurisdiction and venue over this civil matter. See, _Setlock_ v. _Setlock_, 286 Ga. 384, 688 SE 2d 346 (2010). This Court also has subject-matter jurisdiction over this quiet title action with respect to the real property rights of the Plaintiffs pursuant **O.C.G.A. § 23-1-1**

**Page 2**

and with respect to the Plaintiffs' claim for quia timet under **O.C.G.A. § 23-3-40** both vest this Court with equity jurisdiction over this civil matter.

8. This Court also has jurisdiction over the subject matter of this case pursuant to **O.C.G.A. § 16-14-1**(relating to RICO under Georgia law) **O.C.G.A. § 9-5-1** (relating to injunctive relief) **O.C.G.A. § 9-4-2(a)** (relating to declaratory relief) **O.C.G.A. § 16-9-52** (relating to improper solicitation of money), **O.C.G.A. § 51-1-4** (relating to torts and negligence) and **O.C.G.A. § 51-6-1** (fraud).

9. Finally, venue lies in this County because it is where the real property is located and it is where most events accrued with respect to Plaintiffs' claims.

### III. FACTAUL ALLEGATIONS

10. On August 11th, 2006, while Plaintiff Ortiz at Defendant's bank taking care of business transactions, Defendant's loan officer, namely, Ms. Molli Bogo assisted Plaintiff, Ortiz and Ms. Dawn Nichole in obtaining a mortgage loan on the real property known as: 1550 Olde Mill Place, Marietta, Georgia 30066. See Deed Book 14391, Page 2921. See **Exhibit "A"** attached.

11. Ms. Dawn Nichole lived in the State of Florida at the time Defendant, Wachovia Bank, Ms. Molli Bogo approach Plaintiff Ortiz. Ms. Bogo ask Plaintiff Ortiz to signed an Open-End Deed to Secure Debt with Wachovia Bank, N.A. which was later recorded with the Clerk of this Court on August 24th, 2006.

12. The Plaintiff Ortiz never signed the Security Deed on August 24th 2006, nor did she see Ms. Dawn Nichole signed the same Open-End Deed to Secure Debt over to the Defendant. See **Exhibit "B"** attached hereto.

13. The Plaintiff further allege that to the best of the Plaintiffs personal knowledge, information and belief, Ms. Dawn Nichole lived in the State of Florida located at: 3717 Sand Pebble Drive, Valrico, Florida 33596 on August 24th, 2006.

14. Moreover, Mrs. Ortiz never saw Ms. Dawn L. Nichols or witnesses who signed the deed at the time Plaintiff Ortiz sign it.

15. Ms. Molli Bogo stop the Plaintiff Ortiz and asks her to sign the Security Deed. The Security Deed was in blank form prior to August 24th, 2006.

16. On August 24th, 2006, neither Plaintiff Tricia Ortiz nor Ms. Dawn L. Nichols saw, spoke or appeared before with Ms. Molli Bogo at the time Ms. Bogo notarized the Security Deed. Nor did any witnesses actually see the Grantors signed the Security deed. See **Exhibit "B"** attached hereto

17. The Security Deed was altered without Plaintiff Ortiz and Ms. Nicole's authority, and therefore the Plaintiff aver that the Security Deed is a forgery.

18. The Plaintiffs' are currently the owners of the real property known as: 1550 Olde Mill Place, Marietta, Georgia 30066. See Deed Book 14391, Page 2921.

19. The Defendant, through its officers, agents, employees and attorneys changed a material part of the Security Deed concerning the signatures' page of the Security Deed by altering and intentionally changing signatures by adding the signatures of both the witness and the Notary Public to the Security Deed's signature's page at a deferent day and time unknown to the Grantor and without Grantor's knowledge. That at the time the Security Deed that was signed by the

Grantor, the Defendant knew or should have known that the witness and notary public never signed the Security Deed on the same date that the Grantor signed it.

20. The Plaintiffs avers that neither the witness nor notary public did actually see and witnessed the Plaintiff Ortiz and Ms. Dawn Nichols sign the Security Deed. Thus, the Security Deed was intentionally altered with the intent to deceive and defraud the Plaintiffs in violation of **O.C.G.A. § 45-17-8(d)**, because the Defendant knew that both witness and notary public were required to signed the Security Deed in the presence of the grantors according to **O.C.G.A. § 44-14-33**.

21. Plaintiffs aver that there were no notary or witness present at the Grantors signed the deed. The Grantors of the Security Deed was never given ample time to read over the Security Deed before the Security Deed was given to the Defendant. Mrs. Ortiz and Ms. Nichols never saw the notary or witness who notarized and signed the Security Deed. Also, the notary was disqualified.

22. The Defendant, through its officers, agents, employees and attorneys changed a material part of the Security Deed concerning the signatures' page of the Security Deed by altering and intentionally changing the signatures by adding the notary and witness signatures to the Security Deed's signature's page at a deferent day and time unknown to the Grantors and without the Grantors' knowledge.

23. Secondly, that at the time the Security Deed was signed by the Grantors, the Defendant knew or should have known that both the witness and notary public never signed the Security Deed on the same date that the Grantor signed it. Nor did the witness or notary public actually witnessed the Grantor signing the Security

Deed.   Defendants suppressed these frauds and misrepresentations and the Plaintiff learn of this fraud on about September 12th, 2016.

24. Finally, the Security Deed was intentionally altered with the intent to deceive and defraud the Grantor and public in violation of **O.C.G.A. § 45-17-8(d)**, because the Lender knew or should have known that both witness and notary public are required to signed the Security Deed in the present of the Grantor pursuant to Georgia law under **O.C.G.A. § 44-14-33**.  Therefore, the Security Deed is void.

25. On December 28th, 2016, 1550 Olde Mill Pl Residential Land Trust conveyed legal title in the form of a Special Warranty Deed over to the Plaintiffs, filed with the Clerk of this Court in Deed Book 15406, Page 155.  See Exhibit "C" attached hereto.  That the Plaintiffs states that said Security Deed is a forgery and was fraudulent obtain, said deed is a cloud upon Plaintiffs' title as a matter of law.

### COUNT: ONE
*(FRAUD AND FORGERY UPON PLAINTIFFS)*

26. The Plaintiffs hereby repeats, re-allege and incorporates by reference paragraphs **1-25** as stated in this Complaint.

27. That the Defendant made representations to the Plaintiff, Ortiz that it can sign said Security Deed without the witness or notary public being presence.

28. That the Defendant knew or should have known that at the time it made these representations to Grantors of the Security Deed, the Defendant knew or should have known them to be false.  Thus, Plaintiff Ortiz and Ms. Dawn L. Nichols relied upon Defendant's false representations by signing the security deed in

violation of Georgia law.  Therefore, the Plaintiffs in this action has been injured as a direct result of Defendant's false and misleading representations.

29. The Plaintiffs allege that based on their belief, the Security Deed in which the Defendant holds, is in fact a forgery because it was altered and changed outside the present of Plaintiff's Ortiz and the witness who signed said Security Deed.

## COUNT: TWO

### (BILL OF PEACE IN EQUITY)

30. The Plaintiffs hereby repeats, re-allege and incorporates by reference paragraphs **1-29** as stated in this Complaint.

31. The Plaintiffs further alleges that since the Security Deed is in fact a forgery, it cannot pass legal any title according to Georgia law and therefore any deed under power or transfer of Plaintiffs' rights under such security deed is void.

32.   The Plaintiffs request and it entitled to a Bill of Peace in Equity according to Georgia law, pursuant to **O.C.G.A. § 23-3-110** to enjoin all future filings concerning any adjudications of any matter against the Defendant; its' officer; agents; servants, employees; successors; attorneys and assigns in this action.

## COUNT: THREE

### (CONSPIRACY TO COMMIT A CRIME)

33. The Plaintiff hereby repeats, re-allege and incorporates by reference paragraphs **1-26** as stated in this Amended Complaint.

34. The Defendant has intentionally violated Georgia law pursuant to **O.C.G.A. § 16-4-8** by conspiring with others to commit forgery by discussing on its premises with its officers, agents and employees for the purpose of committing a

**Page 7**

crime and for the purpose of depriving, directly or indirectly Plaintiffs' property rights and equal protection under the law.  The Defendant has assisted in the denial of the Plaintiffs' equal privileges and immunities by committing willful fraud and forgery and denying Plaintiffs' of their right to enjoy their property.

## COUNT: FOUR

*(GROSS NEGLIGENCE)*

35. The Plaintiffs' hereby repeats, re-allege and incorporates by reference paragraphs 1-34 as stated in this Complaint.

36. The Defendant through its officers, attorneys and agents have committed of gross negligence by not having a degree of care that every man of common sense exercises under the same or similar circumstances.

37. The Plaintiff aver that the Defendant violated Georgia law pursuant O.C.G.A. § 45-17-8(d) in order to obtain a Security Deed from the Grantors and therefore trick and committed fraud to obtain the Security Deed by act of gross negligence. Therefore, the Plaintiffs are entitled to relief as a matter of law.

38. Therefore, Plaintiffs aver that the absence of care, Defendants acts of frauds and forgery is also deemed gross negligence as a matter of law.

39. The Defendant was reckless in obtaining the Security Deed from the Grantors and its indifference caused these Plaintiffs legal harm.  The acts done by the Defendant against the Plaintiff were illegal and Defendant did act with actual and imputed knowledge of the illegal acts against Plaintiffs' property rights.

40. The Defendants knew or should have known of the inevitable or probable consequence of its illegal actions to harm the Plaintiffs knew that its conduct would

**Page 8**

inflict injury to the Plaintiffs.  Thus, Defendant's actions became a trespass against the Plaintiffs' property rights as a matter of law.

### COUNT FIVE:

*(GEORGIA AND FEDERAL RICO RACKETEERING)*

41. The Plaintiff hereby repeats, re-allege and incorporates by reference paragraphs 1-40 as stated in this Complaint.

42. The Plaintiffs aver that Defendant have intentionally violated **O.C.G.A. § 16-14-4(a)(b)(c)** of the Georgia Racketeer Influenced and Corrupt Organization.

43. The Defendant knowingly having is officers to notarized deeds falsely and fraudulently with officers and agents and failing to disclose to the Plaintiff material facts about the fraudulently deeds concerning Plaintiffs' real property mixed with deliberate misrepresentations of material facts in conjunction theft by deception.

44. Plaintiffs' loss of their property rights due to the Defendant's illegal acts and the filing of fraudulent documents with the Court. Defendant wrongful taking of Plaintiff's money and property also constitute theft by conversion as described herein and constitute repeated violations of **O.C.G.A. § 16-8-1** relating to thefts.

45. The Defendant has allowed its officers, agents and attorneys to commit theft by conversion and theft by deception through repeated acts of filing fraudulent Security Deeds in violation of **O.C.G.A. § 16-9-1**(relating to forgery in the first degree) which constitute acts of racketeering under O.C.G.A. § 16-14-2(9)(2)(viii).

**Page 9**

46. These fraudulent deeds are amounts acts of theft by deception and further constituted acts of racketeering activity as that term is defined pursuant to O.C.G.A. § 16-14-3(9)(A)(viii).  See, **Exhibits "E"** and **"F"** attached.

47. The Defendant participated with others as a criminal enterprise by conspiring with each its officer, agent and attorneys as an enterprise through the above described pattern of racketeering activity in violation of **O.C.G.A. § 16-14-4.**

48. Defendant conspired with its managers, officers, agents and attorneys by acquiring and maintaining an interest in real property through fraudulent deeds and was in total control of their actions which violated **O.C.G.A. § 16-14-4(a)(b)(c).**

49. The Defendant unlawfully, through a pattern of racketeering activity and by using the proceeds derived therefrom such illegal activity, acquired and maintained, directly or indirectly an interest in or control of such enterprise and other real and personal property of any nature, including money.

50. The Defendant also intentionally and unlawfully obtained real property and proceeds from the Plaintiff in this matter and others like him through a pattern of racketeering activity in this State.

51. The Defendant illegally acquired and maintained control, directly and indirectly identified herein with others corporations and banks whose names are either known or unknown to the Plaintiff as stated herein this Complaint.

52. This may include members and associates of the Defendant's attorney law firms whose names are also unknown to the Plaintiff at this time.

**Page 10**

53. The Defendant did unlawfully, knowingly and intentionally acquire an interest in and had control of the aforementioned enterprises or corporation known as the Defendant in this action which did engaged in a pattern of racketeering activity in violation of the Georgia RICO statute.

54. The Defendant had methods and means along with their co-conspirators named herein, have unlawfully, knowingly and intentionally acquired and maintained, directly and indirectly, an interest in and control of the aforementioned enterprise, through a wide spread pattern of racketeering activity through the manner and means set forth in this Complaint.

55. Plaintiff avers that Defendant did enter into a conspiracy with its officers, agents and attorneys to maintain control Plaintiff's property.

56. The Defendant have failed to exercise the appropriate oversight, management supervision and corporate governance, and have failed to devote adequate financial, staffing, training, and legal resources to ensure proper administration and delivery of services to the Plaintiff and thus committed fraud in violation of the Georgia RICO statute **O.C.G.A. § 16-14-4(a)(b)(c).**

57. Defendant failed to establish and maintain adequate internal controls, policies, and procedures, compliance risk management, and internal audit and reporting requirements with respect to the administration and delivery of services to the Plaintiff and thus committed foreclosure fraud in violation of the RICO statute **O.C.G.A. § 16-14-4(a)(b)(c).** See, **Exhibits "E"** and **"F"** attached.

**Page 11**

58. By reason of the illegal conduct by the Defendant and its officers, agents the Defendant as engaged in unsafe or unsound business practices that expose it to unacceptable operational, compliance, legal, and reputational risks.

59. All action by the Defendant stated herein were illegal, fraudulent, done in bad faith and was clearly willful misconduct under Georgia law.

### COUNT: FIVE

*(BAD FAITH, MALICE AND WILLFUL MISCONDUCT)*

60. The Plaintiffs repeats, re-allege and incorporates by reference paragraphs **1-59** as stated in Plaintiffs' Complaint.

61. The Defendant knew or should have known that the Security Deed was a forgery and fraudulent. Therefore, the Defendant has acted in bad faith with malice and fraud by attempting to foreclosure upon Plaintiffs' real property.

62. The wrongful acts stated in this Complaint by Defendant's officers; agents; servants and employees were willful misconduct and Defendant knew or should have known that did not have authority to foreclose upon Plaintiffs' real property as a matter of law. Thus, the publishing of the Notice of Sale Under Power was fraudulent by the Defendant because the Security Deed is fraudulent.

63. The Defendant through it attorneys acted with malice with clear intent to cause harm to the Plaintiff due to their bad faith and willful misconduct.

64. The Defendant through its officers, agents and employees has intentionally committed willful misconduct without regard to any of the legal rights of the Plaintiffs in this civil action. Therefore, the Plaintiffs are entitled to relief.

## COUNT: SIX

*(TRESPASS AGAINST PROPERTY)*

65. The Defendant has intentionally violated Georgia Law pursuant to **O.C.G.A. § 51-10-3** through its trespass against Plaintiff's real property and or property rights according to Georgia law and that Defendant's frauds upon Plaintiffs' title to land clearly constitutes a willful trespass against both Plaintiffs' real property and Plaintiffs' property rights by Defendants attempting to illegally conducted a wrongful foreclosure sale pursuant to a fraudulent and forged deed.

66. The Plaintiffs aver that Defendant has committed trespass by unlawfully, altering the Security Deed and attempting to illegally enforce said deed which also constitute theft by conversion which violates Plaintiffs' right to enjoy their property.

67. Thus the illegal action done by the Defendant has caused damages to the Plaintiffs' property rights and thus violated Plaintiffs' the rights to either leased or sale their real property according to the laws of this State.

68. Therefore, as a matter of law the Defendant through its officers and agents did in fact committed an unlawful trespass against the Plaintiffs' property. See, *King* v. *Citizens Bank,* 88 Ga. App. 40, 76 SE2d 86 (1953).

69. The Defendant has trespassed against the Plaintiffs by Defendant's wrongful publication of a foreclosure sale of Plaintiffs' real property causing the Plaintiffs mental anguish. Therefore, Plaintiffs moves this Court for not less the **$3,250,000.00** in compensatory damages and **$5,750,934.58** in punitive damages.

70. The Defendant acted with malice with clear intent to cause harm to the Plaintiff due to Defendant's bad faith, willful misconduct and illegal trespass.

**Page 13**

## COUNT: SEVEN

*Improper Solicitation of Money*

71. The Defendants claims that Plaintiff has improperly solicited money from the Defendants by means of a statement in the total amount of **$128,440.00** for services not yet preformed and or for services not yet ordered which caused the Plaintiff damages in clear violation of Georgia law.  See, **O.C.G.A. § 16-9-52(a)**.

72. That the Defendants claim that Plaintiff improperly solicited money in violation of the law by means of sending and or giving a statement to the Plaintiffs through the mails or personally asking for payment or money for service not yet preformed or services not yet ordered by the Plaintiffs.  Thus, Plaintiffs are entitled to recover three times of the sum solicited stated herein as a matter of law.

73. Therefore, the Plaintiff are entitled to all relief sought in this Complaint and that this Court has jurisdiction to grant such relief.

74. Therefore the Defendants move this Court for not less three times of **$470,320.00** in statutory damages pursuant to **O.C.G.A. § 16-9-52(a)**.

## COUNT: EIGHT

*(PARALEGAL FEES AND LITIGATION EXPENSES)*

75. The Plaintiffs hereby repeats, re-allege and incorporates by reference paragraphs 1-74 as stated in this Complaint.

71. The Plaintiff claims that due to Defendant's illegal forgery; frauds; trespass; bad faith; willful misconduct and gross negligence, the Plaintiffs has incurred further damages in the form of paralegal fees and litigation expenses.

**Page 14**

72. Therefore, the Defendants are entitled to all relief sought in this Counterclaim and that this Court has jurisdiction to grant such relief.

73. Therefore the Defendants move this Court for not less the **$500,907.98** in paralegal fees and litigation expenses due to Plaintiff's illegal and wrongful eviction; trespass; bad faith; willful misconduct, negligence and fraud and not less than **$5,750,934.58** in punitive damages. The Plaintiffs further aver that there are Affidavits of witnesses filed in support of Plaintiffs' Complaint as Exhibits.

<b>FIRST CLAIM FOR RELIEF</b>

74. The Plaintiffs hereby repeat, re-allege and incorporates by reference paragraphs **1-73** as stated herein this Complaint.

75. The Plaintiffs' are the legal owners of the real property known as: 1550 Olde Mill Place, Marietta, Georgia 30066 by virtue of Special Warranty Deed. See **Exhibit "C"** attached hereto. The Security Deed is a cloud upon their title

76. In addition to all damages stated in this Complaint herein, the Plaintiffs hereby seeks punitive damages in the amount of **$5,750,934.58.**

77. The Plaintiffs hereby request and demands a declaratory judgment pursuant to **O.C.G.A. § 9-4-1** declaring Plaintiff's eviction and trespass wrongful and void as a matter of law and further declaring that all acts committed by the Plaintiff, its officers, agents and attorneys against the Defendants violated the Georgia law, **O.C.G.A. § 44-7-50(a)** and was a fraud upon the Defendants.

78. The Plaintiffs request and demands a permanent injunction pursuant to **O.C.G.A. § 9-5-1** by enjoining the Defendant from committing all illegal acts.

<b>Page 15</b>

## SECOND CLAIM FOR RELIEF

*Bill of Peace In Equity*

79. The Plaintiffs hereby repeats, re-alleges and incorporates by reference paragraphs **1-78** as stated herein this Complaint.

80. The Plaintiffs aver that the violations, torts and eviction done against the Defendants' were wrongful and done in bad faith as a matter of law. The Defendants are therefore entitled to all relief stated in this claim.

81. The Plaintiffs aver that if they are successful in outcome of their claims herein against the Plaintiff, the Defendants hereby demands and prays that this Court issue a bill of peace in equity and a permanent injunction against the Plaintiff and its officers, agents, attorneys, servants, and attorneys by settling all claims found in favor of the Plaintiffs upon any motion summary judgment, motion for bill of peace and or any verdict by a jury and to further enjoined the Plaintiff from filing any other claims, Complaints, defenses, motions, pleadings or appeals for the purpose of harassing or delaying any rights adjudicated by this Court in favor of the Plaintiffs with respect to this action.

## THIRD CLAIM FOR RELIEF

*Claim for Quia Timet In Equity*

82. The Plaintiffs hereby repeats, re-alleges and incorporates by reference paragraphs **1-81** as stated herein this Complaint.

83. In addition to and or, in the alternative to the relief requested in this Counterclaim, the Plaintiffs hereby seeks a judgment pursuant to **O.C.G.A. § 23-3-40** for Quia Timet in order to remove any and all clouds upon Plaintiffs' title due to

Plaintiff's violations of the Georgia laws and Plaintiffs' rights; due to Defendant's forgeries; willful misconduct and a fraud upon the Plaintiffs.

84. On August 24th, 2006, the Plaintiff, Tricia Ortiz and Ms. Dawn S. Nichols as borrowers did not legally sign and convey the Open-End Deed to Secure Debt over to the Defendant concerning the real property known as: 1550 Olde Mill Place, Marietta, Georgia 30066 as the Grantee.  See **Exhibit "B"** attached hereto.

85. That at the time the Open-End Deed to Secure Debt were executed, there were no Notary Public present to notarized said deed at closing the mortgage loan in violation of **O.C.G.A. § 44-14-30**.  Therefore, the Open-End Deed to Secure Debt were never witnessed when the borrower left the closing of her mortgage loan.

86. The Plaintiffs also avers that since the Security Deeds was never properly witnessed and or notarized in the present of the borrower, the deeds were later forged by Defendant's agents after the closing of the borrower's loans.

87. The Plaintiffs further show that the notary public who sign said Open-End Deed to Secure Debt was also the witness to said deed and was therefore disqualified to notarized said deed as matter of law. See, **Exhibit "B"** attached.

88. That based upon illegal acts of Defendant's agent, the Defendant is attempting to wrongfully foreclosed upon Plaintiffs' property.  Thus, the Plaintiffs have been damaged due to such fraudulent deed which is a cloud upon their title.

89. The Plaintiffs aver that because the notary public was disqualified from notarizing the deed, the Open-End Deed to Secure Debt is void cannot pass any title to the Plaintiff as a matter of law. See, **Exhibit "B"** attached hereto.

90. The Plaintiffs further aver that according to **O.C.G.A. § 23-3-40**, the proceeding quia timet is sustained in equity for the purpose of causing to be delivered and canceled any instrument which has answered the object of its creation or any forged or other iniquitous deed or other writing which, though not enforced at the time, either casts a cloud over the complainant's title or otherwise subjects him to future liability or present annoyance. See **Exhibit "B"** attached hereto.

91. The Plaintiffs therefore move this Court for relief to remove all clouds upon Plaintiff's title by declaring null and void and cancelling The Open-End Deed to Secure Debt dated August 24th, 2006 recorded in Deed Book14391, Page 2921.

92. Therefore, Plaintiffs hereby moves this Court to remove all clouds upon Plaintiffs' title pursuant to **O.C.G.A. § 23-3-40** because the Plaintiffs are entitled to all relief stated in this Complaint and further that the evidence attached hereto support said claim stated in which relief should be granted.

93. The Plaintiffs are the legal owners of the real property known as: 1550 Olde Mill Place, Marietta, Georgia 30066.   See **Exhibit "C"** attached hereto.

94. That the Plaintiffs has cancelled and rescinded said Security Deed as a matter of right which brings a cloud upon their title. See **Exhibit "D"** attached.

95. That on October 26th, 2016, the Plaintiffs notified that Defendant to cease and desist from publishing said Notice of Sale Under Power attempting to foreclose along with claims for damages against the Defendant. See **Exhibit "E"** attached.

96. Defendant has failed to comply with Plaintiffs' cease and desist letter by attempting to foreclose upon Plaintiffs' property. See **Exhibit "F"** attached.

**Page 18**

## DEMAND FOR TRIAL BY JURY

97. The Defendants hereby demands a trial by (12) jury concerning all legal issues of fact pursuant to Georgia law pursuant to **O.C.G.A. § 9-11-38** in a Court of record and further demand a trial by jury according to the **Georgia Constitution, Article I § I ¶ XI(a)(b)** and pursuant to the **Seventh Amendment** to the **United States Constitution** demand a trial by jury as a matter of right.

## PLAINTIFFS' PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiffs hereby prays and demand and full and final judgment against the Defendant WACHOVIA BANK, N.A., for any and all further relief as the Court deem proper and just stated in the Complaint as the follows:

1. Statutory Damages in the amount of **($470,320.00)**; Compensatory and Property damages totaling **($3,850,000.00)** for Plaintiff's fraud, wonton, gross negligence, willful misconduct, loss of property rights, paralegal fees; embarrassment, humiliation and mental anguish.

2. Punitive Damages in the amount of **($5,750,934.58)** for Defendant's frauds, wonton, willful misconduct, loss of property rights, embarrassment, humiliation and mental anguish due to Defendant's total disregard of the law.

4. The Plaintiffs request and demand a bill of peace in equity pursuant to Georgia law pursuant to **O.C.G.A. § 23-3-110** to put an end to all future title disputes with respect to Plaintiff's claims stated herein the Complaint;

5. The Plaintiffs request and demand a Quia Timet in equity pursuant to Georgia law pursuant to **O.C.G.A. § 23-3-40** to remove any clouds upon Plaintiff's title with respect to Plaintiff's claims stated herein the Complaint;

6. Finally, that the Court awards all attorney fees to the Plaintiffs pursuant to law, plus pre-interest judgment at legal rate of **(12%)** per annum from **September 5TH, 2016** until final judgment is entered in this action, plus paralegal fees; attorney fees (if any) and all Court costs.

**Page 19**

**Respectfully submitted this** _3rd_ **, day of March 2017.**

**Jointly filed and served by:**

**Dr. Tony L. Ware, PhD, JD, PRO SE**
**Attorney for the Plaintiff** [1]

**Mrs. Tricia Ortiz, PRO SE**
**Attorney for the Plaintiff**

Please Mail all Notices to:

**Dr. Tony L. Ware, PhD, JD**
**P.O. Box 150525-Dept. 0227**
**Atlanta, Georgia 30315-0188**
**(404) 944-9638 (Phone)**
**(404) 601-0813 (Fax)**
**Email: tonylware@yahoo.com**


**Mrs. PATRICIA ORTIZ**
**4287 Highborne Drive, N.E.**
**Marietta, Georgia 30066-2428**
**(678) 777-3274 (Phone)**
**Email: mkcmanagement@yahoo.com**

---

[1] **Georgia Uniform Superior Court Rules, Rule 2.1. Attorney states that:**
*"The word "attorney" as used in these rules refers to any person admitted to practice in the superior courts of Georgia, and to any person who is permitted, in accordance with law, to represent a party in an action pending in a superior court of the State of Georgia, and **to any person proceeding pro se in an action** pending in a superior court of this state. The word "attorney" is synonymous with "counsel" in these rules."* Also see **Georgia Supreme Court Rules, Rule 4(g)** which also reads: ***"Pro Se Parties. The words 'counsel' and 'attorney' as used in these rules include pro se parties.***"

**Page 20**

## VERIFICATION

PERSONALLY APPEARED before me, the undersigned attesting officer duly authorized by law to administer oaths is, **Dr. TONY L. WARE, PhD, JD** action after being duly sworn in deposes, states under oath the following:

1. My name is **Dr. TONY L. WARE, PhD, JD** in the above-stated matter.

2. I hereby certify under oath that pursuant to **O.C.G.A. § 9-10-112**, the information contained in the answer and counterclaim is made true and may also be based upon my personal knowledge, information and belief.

**IN WITNESS AND TESTIMONY HEREOF,** this verification is entered under Georgia law and is true and correct and based upon my personal knowledge, information and belief. Furthermore, the information and evidence made in this affidavit and the pleadings is based upon my personal knowledge.

**FURTHER AFFIANT SAYTH NOT.**

This _____3rd_____, day of_____March_____, 2017.

**Respectfully Submitted,**

_____

Dr. Tony L. Ware, Affiant

**CERTIFICATE OF NOTARY PUBLIC**
**Sworn to and Subscribed before Me,**
This __2nd__ day of __March__, 2017.

NOTARY PUBLIC _____

TARANG SHAH
NOTARY
EXPIRES
GEORGIA
August 7, 2020
PUBLIC
FORSYTH COUNTY

**Page 21**

## VERIFICATION

PERSONALLY APPEARED before me, the undersigned attesting officer duly authorized by law to administer oaths is, **TRICIA ORTIZ** action after being duly sworn in deposes, states under oath the following:

1. My name is **TRICIA ORTIZ** in the above-stated matter.

2. I hereby certify under oath that pursuant to **O.C.G.A. § 9-10-112**, the information contained in the answer and counterclaim is made true and may also be based upon my personal knowledge, information and belief.

**IN WITNESS AND TESTIMONY HEREOF,** this verification is entered under Georgia Law and is true and correct and based upon my personal knowledge, information and belief. Furthermore, the information and evidence made in this affidavit and the pleadings is based upon my personal knowledge.

**FURTHER AFFIANT SAYTH NOT.**

This _____2nd_____ , day of _____March_____ , 2017.

**Respectfully Submitted,**

_Tricia Ortiz_
**Tricia Ortiz, Affiant**

**CERTIFICATE OF NOTARY PUBLIC**
Sworn to and Subscribed before Me,
This _____ day of _____ , 2017.

_____
**NOTARY PUBLIC**

```
TRAVIS ORNDORFF
Notary Public
Cobb County
State of Georgia
My Commission Expires Apr 30, 2018
```

**Page 22**

IN THE SUPERIOR COURT OF COBB COUNTY

STATE OF GEORGIA

# EXHIBIT "A"

Attached hereto

Control No. **0687004**

# STATE OF GEORGIA

## Secretary of State
### Corporations Division
### 315 West Tower
### #2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia  30334-1530

# CERTIFICATE
# OF
# WITHDRAWAL

I, **Brian P. Kemp**, the Secretary of State and the Corporations Commissioner of the State of Georgia, hereby certify under the seal of my office that

# WACHOVIA BANK, NATIONAL ASSOCIATION
### a Foreign Profit Corporation

formed under the laws of North Carolina and authorized to transact business in Georgia on **09/14/2006**, has been duly dissolved, cancelled or withdrawn on **12/31/2010** under the laws of the State of Georgia by the filing of documents in the office of the Secretary of State and by the paying of fees as required by the Official Code of Georgia Annotated and the Rules and Regulations promulgated there under. Attached hereto is a true and correct copy of said application.

WITNESS my hand and official seal in the City of Atlanta and the State of Georgia on December 31, 2010



Brian P. Kemp
Secretary of State

EXHIBIT
"A"

Control No: 0687004
Date Filed: 12/31/2010 12:20 PM
Brian P. Kemp
Secretary of State



**Office Of The Secretary Of State**
**Corporations Division**
315 West Tower # 2 M.L. King Jr. Dr. SE
Atlanta, GA 30334-1530
(404) 656-2817
www.georgiacorporations.org

Karen C. Handel
Secretary Of State

Chauncey Newsome
Director

**Application For Withdrawal Of Certificate Of Authority**

1. Organization Type (check one only)

   ☒ Corporation
   ☐ Limited Liability Company
   ☐ Limited Partnership
   ☐ Limited Liability Partnership

   a) 0687004
   **Entity Control No.**

2. Entity Name   Wachovia Bank, National Association

3. Home State/Country (State/Country in which entity was formed)  The United States of America

4. The entity selected in item 1. and named in item 2. no longer transacts business in Georgia and surrenders its certificate of authority

5. The entity revokes the authority of its registered agent to accept service of process on its behalf and appoints the Secretary of State of Georgia as its agent for service in any proceeding based on a cause of action that arose during the time it was authorized to transact business in Georgia.

6. Any process served on the entity after withdrawal from Georgia may be mailed to the following address:

   Corporation Services Company

   40 Technology Parkway South, #300

   Norcross, GA 30092

7. The withdrawing entity commits that it will notify the Secretary of State of any change in the mailing address provided in item 6.

8. *[signature]*
   **Signature**

   John Stoker, Vice President of Wells Fargo Bank, NA, Successor By Merger to Wachovia Bank, N
   **Printed name of signer**

   Title of Person signing above (Check one only)

   ☒ **Corporation** - **Officer, Receiver or trustee**
   ☐ **LLC** - **Member, Manager, Organizer, Receiver or Trustee**
   ☐ **LP** - **General Partner, Receiver or Trustee**
   ☐ **LLP** - **General Partner, Receiver or Trustee**
   ☐ **Attorney in fact**

Entities must have a status of at least "Active Compliance" or "Active/Owes Current Year" in order to withdraw.  If entity status is "Active/Non Compliance", the annual registration must be submitted before withdrawal.  The annual registration may be filed online.  **There is no filing fee requirement for this form.**  Please mail completed application along with a form.  Certificate of withdrawal will me mailed to the addre

State of Georgia
Expedite With/Term/Dissolve 1 Page(s)



T1100710526

IN THE SUPERIOR COURT OF COBB COUNTY

STATE OF GEORGIA

# EXHIBIT "B"

Attached hereto

FOR AFF SEE
DE Book 15368 Page 2950

FOR CANC SEE
DE Book 15383 Page 2507

Deed Book **14391** Pg **2921**
Filed and Recorded Sep-25-2006 11:28am
**2006-0161952**
Georgia Intangible Tax Paid $387.00

*Jay C. Stephenson*
Jay C. Stephenson
Clerk of Superior Court Cobb Cty. Ga.

**Prepared By/Return To:** *env*
DEANNA ARMSTRONG

NICHOLS, DAWN S
Roanoke, VA 24022

Record and Return To:
Fiserv Lending Solutions
600-A N John Rodes Blvd.
MELBOURNE, FL 32934

## OPEN-END DEED TO SECURE DEBT

THIS DEED is made this day of __24   August, 2006_____, among the Grantor,
__DAWN S NICHOLS, TRICIA ORTIZ_____

(herein "Borrower") and Grantee, Wachovia Bank, National Association, a national banking association organized and existing under the laws of the United States of America, whose address is Wachovia Bank, National Association, 301 South College Street, V A 0343, Charlotte, North Carolina  28288-0343 (herein "Lender").

The Lender has made a loan to Borrower the maximum indebtedness at any one time shall not exceed U.S.$ __128600.00_____ which loan is an open-end line of credit as evidenced by Borrower's Prime Equity Line of Credit Agreement and Disclosure Statement dated __08/24/06_____ and extensions, modifications and renewals thereof (herein "Note") which provides for obligatory advances of all or part of the loan proceeds from time to time, subject to provisions in the Note.  The entire indebtedness evidenced by the Note, if not sooner paid, will be due and payable on __08/23/46_____

THIS DEED TO SECURE DEBT secures a Note that provides for changes in the interest rate, as more particularly described in said Note.  In case of a conflict between the Note and this Deed governing the terms of the remedies of default or termination of advances, the terms of the Note shall control.

TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with interest thereon; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed and the payment of any other or future indebtedness of Borrower to Lender; and the performance of the covenants and agreements of Borrower herein contained, Borrower does hereby grant and convey to Lender and Lender's successors and assigns with power of sale the following described Property located in the County of __COBB_____,State of Georgia:

which has the address of __1550 OLDE MILL PLACE_____
__MARIETTA GA  30066__
(herein "Property Address");

TOGETHER with all the improvements now or hereafter erected on the Property, and all easements, rights, appurtenances and rents, all of which shall be deemed to be and remain a part of the Property covered by this Deed; and all of the foregoing, together with said Property (or the leasehold estate if this Deed is on a leasehold) are hereinafter referred to as the "Property."

Any rider ("Rider") attached hereto and executed of even date is incorporated herein and the covenants and agreements of the Rider shall amend and supplement the covenants and agreements of this Deed, as if the Rider were a part hereof.

**EXHIBIT "B"**

534553 (Rev 04)                    1                    (02/04) GA Open-End Deed to Secure Debt
*0623190298*

Borrower covenants that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

**UNIFORM COVENANTS.** Borrower and Lender covenant and agree as follows:

**1. Obligation to Lend.** Lender is absolutely obligated under the terms of the Note to make advances not to exceed, at any one time in the aggregate, the amount stated in the Note and Borrower has agreed to repay any advances under the terms of the Note. Lender's absolute obligation to make advances to Borrower under the Note ends when Lender terminates the right to make advances and demands repayment of the outstanding obligation or prohibits additional extensions of credit under the Note or this Deed. Nevertheless, Lender may waive the right to terminate or prohibit additional advances. If Lender does not terminate or prohibit additional advances, Lender remains obligated to make advances to Borrower under the terms of the Note. However, that waiver does not bind Lender if the same or a different event occurs or is continuing at a later time.

**2. Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note. This Deed secures payment of said Note according to its terms, which are incorporated herein by reference.

**3. Prior Deeds to Secure Debt, Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations, under any security deed, mortgage, deed of trust or other security agreement with a lien which has priority over this Deed, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed, and leasehold payments or ground rents, if any.

**4. Hazard Insurance.** a) Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards, including but not limited to floods, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld. If Borrower fails to maintain coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property in accordance with section 6.

b) All insurance policies and renewals shall be acceptable to Lender and shall include a standard mortgagee clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

c) Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Deed, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Deed, whether or not then due. The 30-day period will begin when the notice is given.

d) Except as provided in subsection 4(e) below, should partial or complete destruction or damage occur to the Property, Borrower hereby agrees that any and all instruments evidencing insurance proceeds received by Lender as a result of said damage or destruction, shall be placed in a non-interest bearing escrow account with Lender. At Lender's discretion, Lender may release some or all of the proceeds from escrow after Borrower presents Lender with a receipt(s), invoice(s), written estimates(s) or other document(s) acceptable to Lender which relates to the repair and/or improvements of the Property necessary as a result of said damage and/or destruction. Absent an agreement to the contrary, Lender shall not be required to pay Borrower any interest on the proceeds held in the escrow account. Any amounts remaining in the account after all repairs and/or improvements have been made to Lender's satisfaction, shall be applied to the sums secured by this Deed. Borrower further agrees to cooperate with Lender by endorsing all checks, drafts and/or other instruments evidencing insurance proceeds and any necessary documents. Should Borrower fail to provide any required endorsement and/or execution within 30 days after Lender sends Borrower notice that Lender has received an instrument evidencing insurance proceeds, or document(s) requiring Borrower's signature, Borrower hereby authorizes Lender to endorse said instrument and/or document(s) on Borrower's behalf, and collect and apply said proceeds at Lender's option, either to restoration or repair of the Property or to sums secured by this Deed. It is not the intention of either party that this escrow provision, and/or Lender's endorsement or execution of an instrument(s) and/or document(s) on behalf of Borrower creates a fiduciary or agency relationship between Lender and Borrower.

e) Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in section 2 or change the amount of the payments. If under section 16 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to

the extent of the sums secured by this Deed.

**5.  Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.**  Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed is on a leasehold.  If this Deed is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the Declaration of covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**6.  Protection of Lender's Security.**  If Borrower fails to perform the covenants and agreements contained in this Deed, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, including, but not limited to, eminent domain, insolvency, code enforcement, or arrangements or proceedings involving a bankrupt or decedent, then Lender, at Lender's option, upon notice to Borrower may make such appearances, disburse such sums and take such action as is necessary to protect Lender's interest in the Property, including but not limited to, disbursement of taxes, assessments, insurance premiums, cost of repairs, costs and reasonable attorney's fees and entry upon the Property to make repairs.  If Lender required mortgage insurance as a condition of making the loan secured by this Deed, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.  Borrower shall pay the amount of all mortgage insurance premiums in the manner provided under section 4 hereof.

Any amounts disbursed by Lender pursuant to this section 6 or advances to the prior security deed holder, with interest thereon from the date of disbursal, shall become additional indebtedness of Borrower secured by this Deed repayable upon demand.  Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof and shall bear interest from the date of disbursement at the rate payable from time to time on outstanding principal under the Note unless payment of interest at such rate would be contrary to applicable law, in which event such amounts shall bear interest at the highest rate permissible under applicable law.  Nothing contained in this section 6 shall require Lender to incur any expense or take any action hereunder.

**7.  Inspection.**  Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefore related to Lender's interest in the Property.

**8.  Condemnation.**  The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed.

**9.  Borrower Not Released; Forbearance By Lender Not a Waiver.**  Borrower shall remain liable for full payment of the principal and interest on the Note (or any advancement or obligation) secured hereby, notwithstanding any of the following: (a) the sale of all or a part of the premises; (b) the assumption by another party of Borrower's obligations hereunder; (c) the forbearance or extension of time for payment or performance of any obligation hereunder, whether granted to Borrower or a subsequent owner of the Property; and (d) the release of all or any part of the premises securing said obligations or the release of any party who assumes payment of the same.  None of the foregoing shall in any way affect the full force and effect of the lien of this Deed or impair Lender's right to a deficiency judgment (in the event of foreclosure) against Borrower or any party assuming the obligations hereunder to the extent permitted by applicable law.  Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**10.  Successors and Assigns Bound; Joint and Several Liability; Co-signers.**  The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of section 15 hereof.  All covenants and agreements of Borrower shall be joint and several.  Any Borrower who co-signs this Deed, but does not execute the Note: (a) is co-signing this Deed only to grant and convey that Borrower's interest in the Property to Lender under the terms of this Deed; (b) is not personally liable on the Note or under this Deed; and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed or the Note without that Borrower's consent and without releasing that Borrower or modifying this Deed as to that Borrower's interest in the Property.

**11.  Notice.**  Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed shall be given by delivering it or by mailing such notice by first class mail addressed to Borrower or the current owner at the Property Address or at such other address as Borrower may designate in writing by notice to Lender as provided herein, and any other persons personally liable on the Note as their names and addresses appear in Lender's records at the time of giving notice and (b) any notice to Lender shall be given by first class mail to Lender's address at Wachovia Bank, National Association, Retail Credit Servicing, P.O. Box 50010, Roanoke, VA 24022 or to such other address as Lender may designate by notice to Borrower as provided herein.  Any notice provided for in this Deed shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**12. Governing Law; Severability.**  The state and local laws applicable to this Deed shall be the laws of the jurisdiction in which the Property is located.  The foregoing sentence shall not limit the applicability of federal law to this Deed.  In the event that any provision or clause of this Deed or the Note conflicts with applicable law, such conflicts shall not affect other provisions of this Deed or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed and the Note are declared to be severable.  As used herein "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

**13. Borrower's Copy.**  Borrower shall be furnished a conformed copy of the Note, this Deed and Rider(s) at the time of execution or after recordation hereof.

**14. Rehabilitation Loan Agreement.**  Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender.  Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**15. Transfer of the Property or a Beneficial Interest in Borrower; Assumption.**  If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at Lender's option, for any reason, declare all the sums secured by this Deed to be immediately due and payable.  However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed.

If Lender exercises this option, Lender shall give Borrower notice of acceleration.  The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed.  If Borrower fails to pay in full these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed without further notice or demand on Borrower.

This Deed may not be assumed by a purchaser without the Lender's consent.  If an assumption is allowed, Lender may charge an assumption fee and require the person(s) assuming the loan to pay additional charges as authorized by law.

**NON-UNIFORM COVENANTS.**  Borrower and Lender further covenant and agree as follows:

**16. Acceleration; Remedies.  Upon Borrower's breach of any covenant or agreement of Borrower in this Deed, including the covenants to pay when due any sums under the Note secured by this Deed or any prior security deed, mortgage, deed of trust or other security agreement with a lien which has priority over this Deed, Lender, at Lender's option, may declare all of the sums secured by this Deed to be immediately due and payable without demand or notice and may invoke the power of sale, and any other remedies permitted by applicable law.  Lender shall be entitled to collect in such proceeding all expenses of foreclosure, including, but not limited to, attorneys' fees equal to fifteen percent (15%) of the outstanding balance and all accrued interest thereon, and costs of documentary evidence, abstracts and title reports.**

If Lender invokes the power of sale, Lender shall give to Borrower (and the owner of the Property, if a different person) notice of sale in the manner prescribed by applicable law.  Lender shall give public notice of sale by advertisement, in accordance with applicable law.  Lender, without demand on Borrower, shall sell the Property at public auction to the highest bidder for cash at the time and place under the terms designated in the notice of sale in one or more parcels and in such order as Lender may determine.  Lender or Lender's designee may purchase the Property at any sale.

Lender shall deliver to the purchaser Lender's deed conveying the Property so sold with special warranty of title.  The recitals in Lender's deed shall be prima facie evidence of the truth of the statements made therein.  Lender shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to attorneys' fees equal to fifteen percent (15%) of the outstanding balance and all accrued interest and costs of title evidence; (b) to the discharge of all taxes, levies and assessments on the Property, if any, as provided by applicable law; (c) to all sums secured by this Deed; and (d) the excess, if any, to the person or persons legally entitled thereto.  Lender shall not be required to take possession of the Property prior to the sale thereof or to deliver possession of the Property to the purchaser at such sale.

If the property is sold pursuant to this section, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at such sale.  If possession is not surrendered, Borrower or such person shall be a tenant holding over and may be dispossessed in accordance with applicable law.

**17. Assignment of Surplus Proceeds; Rents; Appointment of Receiver.**  As additional security hereunder, Borrower hereby assigns to Lender all surplus funds which may come into the hands of the holder of any prior security deed, mortgage or deed of trust upon foreclosure of the same, hereby directing that all surplus proceeds be paid over to Lender.

As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that so long as Borrower is not in default hereunder, Borrower shall, prior to acceleration under section 16 hereof

payable.

Upon acceleration under section 16 hereof or abandonment of the Property, Lender shall be entitled to have a receiver appointed by a court to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to receiver's fees, premiums on receiver's bonds and attorneys' fees equal to fifteen percent (15%) of the outstanding balance and all accrued interest, and then to the sums secured by this Deed. The receiver shall be liable to account only for those rents actually received.

**18. Loan Charges.** If the loan secured by this Deed is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by mailing a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment under the Note.

**19. Legislation.** If, after the date hereof, enactment or expiration of applicable laws have the effect either of rendering the provisions of the Note, this Deed or any Rider, unenforceable according to their terms, or all or any part of the sums secured hereby uncollectible, as otherwise provided in this Deed or the Note, or of diminishing the value of Lender's security, then Lender, at Lender's option, may declare all sums secured by the Deed to be immediately due and payable.

**20. Release.** When the balance of all outstanding sums including finance charges and other charges, if any, secured by this Deed is zero, Lender shall upon request of Borrower, release this Deed. Borrower will pay all recordation costs, if any. Absent a request from Borrower, this Deed shall remain in full force and effect for the term set forth above. Lender, at Lender's option, may allow a partial release of the Property on terms acceptable to Lender and Lender may charge a release fee.

**21. Waiver of Homestead.** Borrower hereby waives all right of homestead exemption in the Property.

**22. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit, or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal, or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this section 22, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this section 22, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety, or environmental protection.

**23. Assumption Not a Novation.** Lender's acceptance of an assumption of the obligations of this Deed and the Note, and any release of Borrower in connection therewith shall not constitute a novation.

**24. Deed to Secure Debt.** This conveyance is to be construed under the existing laws of the State of Georgia as a security deed passing title, and not as a mortgage, and is intended to secure the payment of all sums secured hereby.

Deed Book 14391 Pg 2926

**REQUEST FOR NOTICE OF DEFAULT AND FORECLOSURE
UNDER SUPERIOR MORTGAGES OR SECURITY DEEDS**

[___] If checked, this instrument is second only to that certain current first priority security deed in favor of _____
and/or currently being serviced by _____
dated _____, and recorded _____
in Deed Book _____, Page _____, _____, **COBB** _____ County,
Georgia records, and it is agreed that any default under said prior security deed(s) may at the option of
Lender herein or its successor in title be declared and deemed to be a default under the terms of the within
instrument. Lender shall have the right but not the obligation to make advances to the holder of any prior
security deed noted above or otherwise in order to cure any default thereunder, and any advances so made
shall be governed by the provisions of section 6 hereunder. Borrower hereby assigns and authorizes
payment to Lender herein and its successors in title of any surplus funds arising from the foreclosure of said
prior security deed(s).

Borrower and Lender request the holder of any security deed, mortgage, deed of trust or other encumbrance
with a lien which has priority over this Deed to give Notice to Lender, at Lender's address at Wachovia Bank,
National Association, Retail Credit Servicing, P.O. Box 50010, Roanoke, VA  24022 of any default under the
superior encumbrance and of any sale or other foreclosure action.

**BORROWER HEREBY WAIVES ANY RIGHT BORROWER MAY HAVE UNDER THE CONSTITUTION
OF THE STATE OF GEORGIA OR THE CONSTITUTION OF THE UNITED STATES OF AMERICA TO
NOTICE OR TO A JUDICIAL HEARING PRIOR TO THE EXERCISE OF ANY RIGHT OR REMEDY
PROVIDED TO LENDER HEREUNDER BY THIS DEED, AND BORROWER WAIVES BORROWER'S
RIGHTS, IF ANY, TO SET ASIDE OR INVALIDATE ANY SALE UNDER POWER DULY
CONSUMMATED IN ACCORDANCE WITH THE PROVISION OF THIS DEED ON THE GROUND (IF
SUCH BE THE CASE) THAT THE SALE WAS CONSUMMATED WITHOUT PRIOR NOTICE OR
JUDICIAL HEARING.  ALL WAIVERS BY BORROWER IN THIS SECTION HAVE BEEN MADE
VOLUNTARILY, INTELLIGENTLY AND KNOWINGLY BY BORROWER, AFTER BORROWER HAS
BEEN AFFORDED AN OPPORTUNITY TO BE INFORMED BY COUNSEL OF BORROWER'S CHOICE
AS TO THE MEANING AND EFFECT HEREOF.**

IN WITNESS WHEREOF, Borrower has executed and sealed this Deed and adopted as his seal the word
"(SEAL)" appearing beside his name and by such execution he accepts and agrees to the terms and
covenants contained in this Deed and in any Rider(s) executed by Borrower and recorded herewith.

_____
Witness

_____ [SEAL]
Borrower
DAWN S NICHOLS

_____
Witness Name Printed or Typed

_____ [SEAL]
Borrower
TRICIA ORTIZ

_____
Witness

_____ [SEAL]
Borrower

_____
Witness Name Typed or Printed

_____ [SEAL]
Borrower

STATE OF GEORGIA                               )
                                               ) ss
COUNTY OF ___Cobb___                           )

On (date) __Aug 24  2006__ before me personally appeared _____
DAWN S NICHOLS
TRICIA ORTIZ

whose name(s) is/are signed to the foregoing conveyance and who is/are personally known to me or
proved to me on the basis of satisfactory evidence, who acknowledged before me on this day, that, being
informed of the contents of this conveyance, he/she/they executed the same voluntarily.

WITNESS my hand and official seal.

Signature: _____ [SEAL]

_____
Notary Name Typed or Printed

My Commission Expires:_____
MOLLI BOGO
Notary Public-Cobb County, Georgia
My Commission Expires January 29, 2010

534553 (Rev 04)                    6              (02/04) GA Open-End Deed to Secure Debt
                                                  *0623190298*

Deed Book **14391** Pg **2927**
Jay C. Stephenson
Clerk of Superior Court Cobb Cty. Ga.

G242FNJ6

# SCHEDULE A

THE FOLLOWING PROPERTY:

THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT(S) 56 OF DISTRICT 16, COBB COUNTY, GEORGIA, BEING LOT(S) 6, BLOCK C, OLDE MILL FORD SUBDIVISION, UNIT 1, AS PER PLAT RECORDED IN COBB COUNTY, GEORGIA RECORDS.

BEING AND INTENDING TO DESCRIBE THE SAME PREMISES CONVEYED IN A DEED RECORDED 12/31/2002, IN BOOK 13657, PAGE 4165.

KNOWN AS: 1550 OLDE MILL PLACE

PARCEL: 16-0056-0-057-0-0006-C-01

IN THE SUPERIOR COURT OF COBB COUNTY

STATE OF GEORGIA

# EXHIBIT "C"

Attached hereto



Deed Book **15406** Pg **155**
Filed and Recorded Dec-28-2016 02:58pm
**2016-0154790**
Real Estate Transfer Tax $0.00
0332016031013

Rebecca Keaton
Clerk of Superior Court Cobb Cty. Ga.

PLEASE RETURN TO:
Patricia Ortiz
Dr. Tony L. Ware, PhD, JD
4287 Highborne Dr. NE
Marietta, GA 30066

**STATE OF GEORGIA** )
) SS.
**COUNTY OF COBB** )

RE: **Deed Book: 15130 Page 4758**
RE: **Deed Book: 15136 Page 240**

## SPECIAL WARRANTY DEED

**THIS INDENTURE**, made this __28th__ day of **December** in the year Two Thousand and Sixteen by and between: **1550 OLDE MILL PL RESIDENTIAL LAND TRUST** in the County of Cobb of the State of Georgia, as party or parties of the first part, (hereinafter called the "Grantor") and **PATRICIA ORTIZ** and **TONY L. WARE** in the County of DeKalb as party or parties of the second part, (hereinafter called Grantees), the words "Grantor(s)" and "Grantee(s)" to include their respective heirs, successors and assigns where the context requires or permits.

### WITNESSETH:

For good and valuable consideration and the sum of TEN DOLLARS AND N0/00 received, the undersigned, is **1550 OLDE MILL PL RESIDENTIAL LAND TRUST** the holder of the Warranty Deed To Trustee recorded in **Deed Book 15130 page 4758** in the Superior Court of Cobb County, Georgia (herein referred to as the "Grantor" and also the "Assignor") whose address is: **1550 Olde Mill Place, Marietta, Georgia 30066** do hereby grant, sell, assign, transfer and convey title over to **PATRICIA ORTIZ (75%)** interest and **TONY L. WARE (25%)** interest (herein referred to as the "Grantees") and shall have all rights, interest and title concerning the property that is recorded in **Deed Book 15130 page 4758** as given by the Grantor to said this. This deed shall also vest title to Grantees stated herein all rights and interest stated notwithstanding any other deed and shall apply to the Grantee's successors and assigns concerning the following real property situated in Cobb County. That said property is more fully described herein as follows:

LOT 56 OF THE 16TH DISTRICT, 2ND SECTION, COBB COUNTY, ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN AND GEORGIA, BEING LOT 6, BLOCK C, OLDE MILL FORD SUBDIVISION, UNIT I, AS PER PLAT RECORDED IN PLAT BOOK 98, PAGE 95, COBB COUNTY RECORDS; WHICH PLAT IS INCORPORATED HEREIN BY REFERENCE AND MADE A PART HEREOF AND THE PROPERTY MORE COMMONLY KNOWN AS: 1550 OLDE MILL PLACE, MARIETTA, GEORGIA 30066.

**TO HAVE AND TO HOLD** the same unto said Grantee and Assignee, their successors and assigns, forever, subject only to the terms and conditions of the above-described in this assignment and the real property stated herein.


EXHIBIT
"C"

Assignment Page 1 of 3

Deed Book 15406 Ps 156

**IN WITNESS, HEREOF**, the undersigned Grantor and Witness hereby sign and seal this Special Warranty deed and certify under oath by affixing their signature hereto.

Attested By:                                          Witnessed By:

Patricia M. Ortiz,   Officer                   Unofficial Witness
and Attorney in Fact for:
MKC Management LLC., who is            Carlos Ortiz
the Trustee for: 1550 OLDE MILL
PL RESIDENTIAL LAND TRUST

                GRANTOR.

TRAVIS ORNDORFF
Notary Public
Cobb County
State of Georgia
My Commission Expires Apr 30, 2018

Sworn to and subscribe Before Me
This 28th, day of December, 2016.

NOTARY PUBLIC

        NOTARY SEAL

Deed Book 15406 Ps   157

PLEASE RETURN TO:
TRICIA ORTIZ
4287 Highborne Dr. NE
Marietta, GA 30066

# <u>GRANTOR'S</u>

# EXHIBIT "A"

## Copy of:
## Warranty Deed To Trustee

## Attached hereto



"A"

Deed Book 15406 Pg 158

BK: 15130 PG: 4758-4759
Filed and Recorded Dec-31-2013 03:17:55PM
DOC: D2013-127878
Real Estate Transfer Tax $0.00
03201312033509

*[signature]*

REBECCA KEATON
CLERK OF SUPERIOR COURT Cobb Cty. GA.

MKC
2852 Johnson Ferry Rd
Marietta, GA 30062

# WARRANTY DEED TO TRUSTEE

Tax Parcel #: 16005600570

THIS WARRANTY DEED is made on the 15th day of November 2013 by and between Teresa Nichols (hereinafter referred to as "Grantor"), and 1559 Olde Mill Pl Residential Land Trust MKC Management as trustee, (hereinafter referred to as "Grantee"):

WITNESSETH: The Grantor, for and in consideration of the sum of Ten Dollars ($ 10.00 )  and other valuable consideration, receipt of which is hereby acknowledged, hereby grants, bargains, sells, remises, releases, transfers and conveys to the Grantee, all that certain land situated in Cobb County, State of Georgia to wit:

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 56 OF THE 16TH DISTRICT, 2ND SECTION, COBB COUNTY, GEORGIA BEING LOT 6, BLOCK C, OLDE MILL FORD SUBDIVISION, UNIT 1, AS PER PLAT RECORDED IN PLAT BOOK 98, PAGE 95, COBB COUNTY, GEORGIA RECORDS, WHICH PLAT IS INCORPORATED HEREIN BY REFERENCE.

Commonly known as: 1559 Olde Mill Place, Marietta, GA 30066

Together with all the tenements, hereditaments and appurtenances thereto, belonging or in anywise appertaining. To have and to hold the said premises in fee simple forever, with the appurtenances attached thereto upon the trust and for the uses and purposes herein and in said Trust Agreement set forth.

Full power and authority granted to said Trustee, with respect to the said premises or any part of it, and at any time or times, to subdivide said premises or any part thereof, to dedicate parks, streets, highways or alleys and to vacate any subdivision or part thereof, and to re-subdivide said property as often as desired, to contract to sell, to grant options to purchase, to sell on any terms, to convey either with or without consideration, to donate, to mortgage, pledge or otherwise encumber said property, or any part thereof, to lease said property or any part thereof, from time to time, in possession or reversion by leases to commence now or later, and upon any terms and for any period or periods of time and to renew or extend leases upon any terms and for any period or periods of time and to amend, change, or modify leases and the terms and provisions thereof at any time hereafter, to contract to make leases and to grant options to lease and options to renew leases and options to purchase the whole or any part of the reversion and to contract respecting the manner of fixing the amount of present or future rentals, to partition or to exchange said property or any part thereof for other real or personal property, to grant easements or changes of any kind, to release, convey or assign any right, title or interest in or about or easement appurtenant to said premises or any part thereof, and to deal with said property and every part thereof in all other ways and for such other considerations as it would be lawful for any person owning the same to deal with the same, whether similar to or different from the ways above specified, at any time or times hereafter.

In No Case shall any party dealing with the said trustee in relation to said premises, or to whom said premises or any part thereof shall be conveyed, contracted to be sold, leased or mortgaged by said trustee, be obliged to see to the application of any purchase money, rent, or money borrowed or advanced on said premises, or be obliged to see that the terms of this trust have been complied with, or be obliged to inquire into the necessity or expediency of any act of said trustee, or be obliged or privileged to inquire into any of the terms of said trust agreement; and every deed, mortgage, lease or other instrument executed by said trustee in relation to said real estate shall be conclusive evidence in favor of every person relying upon or claiming under such conveyance, lease or other instrument, (a) that at the time of the delivery thereof, the trust created by this Indenture and by said trust agreement was in full force and effect, (b) that such conveyance or other instrument was executed in full accordance of the trust's conditions and limitations contained herein and in said trust agreement or in some amendment thereof and binding upon all beneficiaries hereunder and (c) that said trustee was duly authorized and empowered to execute and deliver every such deed, trust deed, lease, mortgage or other instrument.

Deed Book 15406 Pg 159
Rebecca Keaton
Clerk of Superior Court Cobb Cty. Ga.

BK: 15130 PG: 4759
REBECCA KEATON
CLERK OF SUPERIOR COURT Cobb Cty. GA.

*The interest* of each and every beneficiary hereunder and of all persons claiming under them or any of them shall be only in the earnings, avails, and proceeds arising from the sale or other disposition of said real estate, and such interest is hereby declared to be personal property. No beneficiary hereunder shall have any title or interest legal or equitable, in or to said real estate as such, but only an interest in the earnings, avails and proceeds thereof as aforesaid.

*And* the grantor hereby covenants with said grantee that the grantor is lawfully seized of said land in fee simple; that the grantor has good right and lawful authority to sell and convey said land; that the grantor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances, except taxes accruing subsequent to December 31, 2013.

IN WITNESS WHEREOF, the said Grantor has signed and sealed these presents the day and year first above written.

Signed, sealed and delivered in the presence of:

_____
WITNESS

_____
Grantor: Teresa Nichols

STATE OF _Georgia_

COUNTY OF _Cobb_

On This Day before me personally appeared Teresa Nichols whose identity was proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to this document, and who acknowledged that he/she signed the above/attached document. Sworn and subscribed before me the day and year first above written.

(seal)

_____
NOTARY PUBLIC

My commission expires: _07/05/2015_

Corey Nichols
Cobb County, GEORGIA
My Comm. Expires
07/05/2015

IN THE SUPERIOR COURT OF COOB COUNTY

STATE OF GEORGIA

# EXHIBIT "D"

Attached hereto

Please Return to:

Mrs. Tricia Ortiz
4287 Highborne Drive, N.E.
Marietta, Georgia 30066-2428

Deed Book 15383 Pg 2507
Filed and Recorded Oct-13-2016 09:30am
2016-0124093

Rebecca Keaton
Clerk of Superior Court Cobb Cty. Ga.

**STATE OF GEORGIA**       )
                          ) SS.       **RE:   Deed Book 14391, Page 2921**
**COUNTY OF COBB**          )

## NOTICE OF RECESSION AND CANCELLATION OF SECURITY DEED

**NOTICE IS HEREBY GIVEN**, that the Security Deed file on September 25th, 2006 with the Clerk of Superior Court of Cobb County, Georgia that is recorded in Deed Book 14391, Page 2921 given by the Grantors, DAWN S. NICHOLS and TRICIA ORTIZ over to the Grantee, WACHOVIA BANK, N.A. n/k/a known as "WELLS FARGO BANK, N.A." is hereby SET ASIDE, RESINDED and CANCELLED by said Grantors, their successors and assigns pursuant to O.C.G.A. § 13-4-60 and O.C.G.A. § 13-8-1 due to the Lender's fraud, forgery, misrepresentations and violation of O.C.G.A § 45-17-8(c)(1) against the Grantors' rights.

**GRANTORS' RIGHTS** are asserted in this notice of recession of the Security Deed according to the Supreme Court in *Brown v. Techdata Corp.*, 238 Ga. 622, 234 SE 2d 787 (1977).

**NOW THEREFORE**, the Clerk of this Court is hereby requested and directed to record this notice which makes reference to the above-stated Security Deed recorded in Deed Book 14391, Page 2921 given by the Grantors, DAWN S. NICHOLS and TRICIA ORTIZ is hereby SET ASIDE, RESINDED and CANCELLED by the Grantors pursuant to Georgia law, O.C.G.A. § 13-4-60 and O.C.G.A. § 13-8-1 and that said deed shall be deemed null and void.

**IN WITNESS HEREOF**, the undersigned Grantors and witness hereby sign and seal this Notice of Recession and Cancellation by certifying under oath and affixing their signatures hereto.

Attested By:                                   Attested By:

_____                      _____
**Dawn S. Nichols**                             **Tricia Ortiz**
**GRANTOR**                                     **GRANTOR**

Sworn to and subscribe Before Me.
This _____ day of _____, 2016.

_____                      _____
**NOTARY PUBLIC**                               **Unofficial Witness**

VANESSA ESTRADA
Notary Public
Cobb County
State of Georgia
My Commission Expires Nov 13, 2018


EXHIBIT
"D"

IN THE SUPERIOR COURT OF COBB COUNTY

STATE OF GEORGIA

# EXHIBIT "E"

Attached hereto

# MRS. TRICIA ORTIZ
**4287 Highborne Drive, N.E.**
**Marietta, Georgia 30066-2428**

<u>VIA-U.S. CERTIFIED MAIL</u>

October 25th, 2016

Mr. Phillip A. Hasty, Partner
SHAPIRO PENDERGAST & HASTY, LLP
c/o Wells Fargo Bank, N.A.
211 Perimeter Center Parkway
Suite 300
Atlanta, Georgia 30346

Re:   Property known as: 1550 Olde Mill Place, Marietta, Georgia 30066
      Notice of Recession and Cancellation of Security Deed
      Scheduled Sale Date: November 1st, 2016 at 10:00 a.m.

## NOTICE TO CEASE AND DESIST FORECLOSURE SALE

Dear Mr. Hasty:

This letter will serve as legal notice to cease and desist from conducting an illegal foreclosure sale on November 1st, 2016 concerning the Security Deed on the above-stated property that was filed on September 25th, 2006 with the Clerk of Superior Court of Cobb County in Deed Book 14391, page 2921 given by the Grantors, Dawn S. Nichols and Tricia Ortiz. The deed was obtained by fraud and forgery.

The above-stated Security Deed is void as it was illegally made and was legally rescinded and cancelled according to contract law by the Grantors due to fraud and forgery pursuant to Georgia law, **O.C.G.A. § 13-4-60** and **O.C.G.A. § 13-8-1.** See **Exhibit "A", "B" & "C"** attached hereto.

The Georgia Supreme Court has held in *Aurora Loan Services, LLC* v. *Veatch*, 288 Ga. 808, (710 S.E.2d 744) (2011); *Brock* v. *Yale Mortgage Co.*, 287 Ga. 849 (700 S.E.2d 583) (2010) that a grantor to a forged deed cannot convey any title because they have no title to convey. Therefore, since the Security Deed is a forgery, it is void and the power of sale contain in the Security Deed is also void. Any attempt to foreclose upon the property known as: **1550 Olde Mill Place, Marietta, Georgia 30066** would be a wrongful foreclosure; willful misconduct and a fraud by the seller.

Moreover, it would be a violation of the Rules of the **State Bar of Georgia** when an attorney acting on behalf of their client, to misrepresent or fails to disclosed to the general public in the Notice of Sale Under Power; the lender; creditor and or the assignee of a Security Deed, that the Security Deed might have been obtain through forgery or that the Security Deed may have been obtain by fraud and misrepresentations before the foreclosure sale take place.

EXHIBIT
" *E* "

**MRS. TRICIA ORTIZ**
**PAGE 2 OF 2**
**OCTOBER 25TH, 2016**

     If an attorney knows or have full knowledge under the facts that his client's actions might be fraudulent or have clear evidence that the client is in possession of a Security Deed that may have been obtain by fraudulent means, then it is duty of such attorney not to assist the client in conducting a foreclosure sale under which might be a fraudulent Security Deed.  See, **Ga. State Bar Rule 1.2(b).** *("A lawyer shall not counsel a client to engage in conduct that the lawyer knows is criminal or fraudulent, nor knowingly assist a client in such conduct, but a lawyer may discuss the legal consequences of any proposed course of conduct with a client and may counsel or assist a client to make a good faith effort to determine the validity, scope, meaning or application of the law"). ("The maximum penalty for a violation of this Rule is disbarment").*

     Since the Security Deed was rescinded and cancelled, a Notice of Cancellation of the Sale Under Power was first published in the Cobb County's legal organ the Marietta Daily Journal on Friday, October 21st, 2016 cancelling the so-called sale date. Enclosed you will find, (1) Affidavit of Forgery Affecting Title to Land; (2) Notice of Recession and Cancellation of Security Deed; (2) Publisher's Affidavit of Publication cancelling the foreclosure sale by the Grantors to the Security Deed alone with a copy of the Notice as published.  See, **Exhibit "A", "B" & "C"** attached hereto.

     NOW THEREFORE, I demand that your client and your officers, agents, servants, employees and attorneys are hereby to cease and desist from conducting any foreclosure sale of the real property known as: 1550 Olde Mill Place, Marietta, Georgia 30066. Any attempted foreclosure done by you will be deemed illegal and null and void. We will hold your office; attorneys and client who authorized such illegal foreclosure liable for all damages. We stand prepared for any long-term litigation with respect to this matter. If you have any questions notify us in writing.

     PLEASE GOVERN YOURSELF ACCORDINGLY.

     Respectfully Submitted

     Mrs. Tricia Ortiz, Grantor

TO/tlw

Enclosures

cc    JOHNSON, JONES, WATKINS & COOPER, LLC.
      Mr. James E. Watkins, Esq.

5/18

**PLEASE RETURN TO:**

Mrs. Tricia Ortiz
4287 Highborne Drive, N.E.
Marietta, Georgia 30066-2428

Deed Book 15369 Pg 1746
Filed and Recorded Aug-30-2016 10:51am
2016-01083952
Real Estate Transfer Tax $0.00
Georgia Intangible Tax Paid $0.00

*Rebecca Keaton*

Rebecca Keaton
Clerk of Superior Court Cobb Cty. Ga.

**STATE OF GEORGIA** )
) SS.
**COUNTY OF COBB** )

RE: Deed Book 14392 Page 2921

### AFFIDAVIT OF FORGERY AFFECTING TITLE TO LAND AND CANCELLATION OF SECURITY DEED

**PERSONALLY APPEARED** before me, the undersigned attesting officer duly authorized by law to administer oaths is **TRICIA ORTIZ** after being duly sworn deposes and states under oath the following:

1. My name is **TRICIA ORTIZ** and that I am over the age of the majority and suffer from no legal disability.

2. That all statements made in this affidavit is based upon my personal knowledge; information and belief with respect to this affidavit and cancellation.

3. That I am the owner of the real property known as: 1550 Olde Mill Place, Marietta, Georgia 30066. See Deed Book 14391, Page 2921.

4. That I am the Grantor and Successor Grantor of the Security Deed that was given by the Grantors as recorded with the Clerk of Superior Court of Cobb County, Deed Book 14391 Page 2921 filed on September 25th, 2006.

### I. FORGERY AND VOID SECURITY DEED

5. I hereby certify that based upon my personal knowledge, information and belief, that the Security Deeds which are recorded with the Clerk of Superior Court of Cobb County, Deed Book 14391, Page 2921 filed on September 25th, 2006 is in fact a forgery and void and cannot pass any legal title according to Georgia law.

**Affidavit at Page 1 of 5**

PLEASE RETURN TO:

Mrs. Tricia Ortiz
4287 Highborne Drive, N.E.
Marietta, Georgia 30066-2428

Deed Book 15369 Ps 1747

6. That on September 25ᵗʰ, 2006, the Security Deed that was given by Dawn S. Nichols and Tricia Ortiz as recorded with the Clerk of Superior Court of Cobb County, Deed Book 14391, Page 2921 appears to me to have been either forged by the Notary Public and or the Notary Public improperly witnessed her own signature as a party to the transaction and was therefore disqualified to act as a notary pursuant to O.C.G.A. § 45-17-8(c)(1). Therefore, the Security Deed recorded in Deed Book 14391 Page 2921 filed on September 25ᵗʰ, 2006 void.

7. Grantors were acting under duress at the time of them giving the Security Deed to Grantee because Wachovia Bank's officers, agents, servants and attorneys did exploit, defrauded and tricked them into signing the Security Deed. This was constructive forgery in obtaining the Security Deed from the Grantors.

## II. GEORGIA MORTGAGE FRAUD

8. That based upon my personal knowledge, information and belief, the Lender, Wachovia Bank, N.A., did illegally and fraudulently induced me through its officers, agents, servants, employees and attorneys into signing the Security Deed over to Wachovia Bank, N.A. who was the Lender as recorded in Deed Book 14391, Page 2921 filed with the Clerk of Superior Court of Cobb County by knowingly omitting from me during the mortgage lending process, that Wachovia Bank, N.A. be a party to the transaction and act as both notary and witness to the Security Deed in clear violation of Georgia Residential Mortgage Fraud Act pursuant to O.C.G.A. § 16-8-102(1).

RECORD RETURN TO:

Mrs. Tricia Ortiz
4287 Highborne Drive, N.E.
Marietta, Georgia 30066-2428

9. That based upon my personal knowledge, information and belief, the Grantee, Wachovia Bank, N.A. did knowingly using and facilitating the use of the Security Deed and drafted said Deed with deliberate misrepresentations and omission and knowing the same to contain a misstatement, misrepresentation and omission, during the mortgage lending process with the intention that it be relied upon by borrower and Grantor of said Security Deed during the mortgage lending process with intent to defraud the Grantor in clear violation of the Georgia Residential Mortgage Fraud Act pursuant to O.C.G.A. § 16-8-102(2).

10. That based upon my personal knowledge, information and belief, the Grantee, Wachovia Bank, N.A. did conspired with its officer, agents, servants and employees together and with each other to violate the Georgia Residential Mortgage Fraud Act pursuant to O.C.G.A. § 16-8-102(4) to obtain the Security Deed.

11. That based upon my personal knowledge, the Lender, Wachovia Bank, N.A., the Grantee to the Security Deed recorded in Deed Book 14392, Page 2921 did file said deed knowing it to be fraudulent and forged which was illegally obtain and altered by its officer and agent on September 25th, 2006 filed a forged security deed with the Clerk of Superior Court of Cobb County in clear violation of Georgia Residential Mortgage Fraud Act pursuant to O.C.G.A. § 16-8-102(5).

PLEASE RETURN TO:

Mrs. Tricia Ortiz
4287 Highborne Drive, N.E.
Marietta, Georgia 30066-2428

Deed Book 1 5 3 6 9 Ps 1 7 4 9

## III. SECURITY DEED IS VOID

12. I hereby cancel the Security Deed that was given and recorded with the Clerk of Superior Court of Cobb County, Deed Book 14391, Page 2921 which was filed on September 25th, 2006. The Security Deed was obtained by Wachovia Bank, N.A. through fraud and forgery. Therefore, because said Security Deed was obtained by illegal actions, fraud and forgery, said Security Deed as recorded in Deed Book 14391, Page 2921 is void as passes no legal title and is also unenforceable as a matter of Georgia law pursuant to O.C.G.A. § 13-8-1. See, *Kelley v. Cooper*, 325 Ga. App. 145, 147 (1) (751 SE2d 889) (2013).

## IV. NOTICE AND CANCELLATION OF SECURITY DEED

NOTICE IS HEREBY GIVEN, that I, TRICIA ORTIZ acting as Successor Grantor to the Security Deed that was given on September 25th, 2006 recorded with the Clerk of Superior Court of Cobb County, Deed Book 14391, Page 2921 and pursuant to the authority given to me under contract law pursuant to O.C.G.A. § 13-5-5 and according to O.C.G.A. § 13-8-1 is HEREBY RESCINDED, CANCELLED AND RELEASED and declared null and void due to fraud, forgery and public policy.

FURTHERMORE, any and all assignments of the Security Deed that were made subsequence to and after the date of said Security Deed filed on or after September 25th, 2006 are hereby RESCINDED, CANCELLED AND RELEASED.

The Clerk of the Superior Court of Cobb County is HEREBY directed to filed this affidavit as a release and cancellation pursuant to O.C.G.A. § 44-2-20(a)(c).

PLEASE RETURN TO:

Mrs. Tricia Ortiz
4287 Highborne Drive, N.E.
Marietta, Georgia 30066-2428

Deed Book 15369 Pg 1750
Rebecca Keeton
Clerk of Superior Court Cobb Cty. Ga.

## V. CERTIFICATION

I, TRICIA ORTIZ, Trustee do hereby make this affidavit, release and cancellation pursuant to O.C.G.A. § 44-2-20(a)(o) that it is based upon my personal knowledge, information and belief of the facts stated herein.

**FURTHER AFFIANT SAY NOT.**

This _____30_____ day of _____August_____, 2016.

**Respectfully Submitted,**

_Tricia Ortiz_
Tricia Ortiz, Owner/Grantor
Successor to Dawn S. Nichols
4287 Highborne Drive, N.E.
Marietta, Georgia 30066-2428

Sworn to and Subscribed before Me,

This __30th__ day of __August__, 2016.

_Kimberly Matos_
STATE NOTARY PUBLIC

*(Notary Seal: KIMBERLY MATOS, MY COMMISSION EXPIRES SEPTEMBER 24, 2011, NOTARY PUBLIC, COBB COUNTY, GEORGIA)*



Please Return to:

Mrs. Tricia Ortiz
4287 Highborne Drive, N.E.
Marietta, Georgia 30066-2428

Deed Book **15393** Pg **2507**
Filed and Recorded Oct-13-2016 09:30am
**2016-0124093**

*Rebecca Keaton*
Rebecca Keaton
Clerk of Superior Court Cobb Cty. Ga.

| | | |
|---|---|---|
| **STATE OF GEORGIA** | ) | |
| | ) SS. | **RE:  Deed Book 14391, Page 2921** |
| **COUNTY OF COBB** | ) | |

## NOTICE OF RECESSION AND CANCELLATION OF SECURITY DEED

**NOTICE IS HEREBY GIVEN**, that the Security Deed file on  September 25th, 2006 with the Clerk of Superior Court of Cobb County, Georgia that is recorded in Deed Book 14391, Page 2921 given by the Grantors, DAWN S. NICHOLS and TRICIA ORTIZ over to the Grantee, WACHOVIA BANK, N.A. n/k/a known as "WELLS FARGO BANK, N.A." is hereby SET ASIDE, RESINDED and CANCELLED by said Grantors, their successors and assigns pursuant to O.C.G.A. § 13-4-60 and O.C.G.A. § 13-8-1 due to the Lender's fraud, forgery, misrepresentations and violation of O.C.G.A § 45-17-8(c)(1) against the Grantors' rights.

**GRANTORS' RIGHTS** are asserted in this notice of recession of the Security Deed according to the Supreme Court in *Brown v. Techdata Corp.*, 238 Ga. 622, 234 SE 2d 787 (1977).

**NOW THEREFORE**, the Clerk of this Court is hereby requested and directed to record this notice which makes reference to the above-stated Security Deed recorded in Deed Book 14391, Page 2921 given by the Grantors, DAWN S. NICHOLS and TRICIA ORTIZ is hereby SET ASIDE, RESINDED and CANCELLED by the Grantors pursuant to Georgia law, O.C.G.A. § 13-4-60 and O.C.G.A. § 13-8-1 and that said deed shall be deemed null and void.

**IN WITNESS HEREOF**, the undersigned Grantors and witness hereby sign and seal this Notice of Recession and Cancellation by certifying under oath and affixing their signatures hereto.

Attested By:

_____
Dawn S. Nichols
**GRANTOR**

Sworn to and subscribe Before Me
This ____ day of _____, 2016.

_____
**NOTARY PUBLIC**

Attested By:

_____
Tricia Ortiz
**GRANTOR**

_____
**Unofficial Witness**

VANESSA ESTRADA
Notary Public
Cobb County
State of Georgia
My Commission Expires Nov. 13, 2018



# MARIETTA DAILY JOURNAL
## 580 Fairground Street • Marietta, Georgia 30061
# PUBLISHER'S AFFIDAVIT

**STATE OF GEORGIA - County of Cobb**

Before me, the undersigned, a Notary Public, this day personally came Otis Brumby III, who, being duly sworn, according to law, says that he is the Publisher of *Times Journal, Inc.*, publishers of the *Marietta Daily Journal*, official newspaper published in said county and State, and that the publication of which the annexed is a true copy, was published in said paper on the 21 days of October, 2016 as provided by law.



Subscribed and sworn to before me this 21 day of October 2016.

_____
Notary Public

My commission expires 5/31, 2020



IN THE SUPERIOR COURT OF COBB COUNTY

STATE OF GEORGIA

# EXHIBIT "F"

Attached hereto

Shapiro Pendergast & Hasty, LLP
PO Box 9021
Temecula, CA 92589-9021



9314 7100 1170 0904 1697 86

**RETURN RECEIPT REQUESTED**

20170221-76

Tony L. Ware
1550 OLDE MILL PL
MARIETTA, GA 30066-1165

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO





DMD

Shapiro Pendergast & Hasty, LLP
PO Box 9021
Temecula, CA 92589-9021



9314 7100 1170 0904 1697 55

RETURN RECEIPT REQUESTED

2017022176

Tricia Ortiz a/k/a Patricia Ortiz
1550 OLDE MILL PL
MARIETTA, GA 30066-1165



PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

DMD

9314 7100 1170 0904 1697 55

# SHAPIRO PENDERGAST & HASTY, LLP
ATTORNEYS AND COUNSELORS AT LAW
211 PERIMETER CENTER PARKWAY, N.E.
SUITE 300
ATLANTA, GEORGIA 30346
(770) 220-2535
(FAX: 770-220-2665)

February 21, 2017

## THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

RE:   Shapiro Pendergast & Hasty, LLP File Number:      16-060768
      Property Address: 1550 Olde Mill Place, Marietta, GA 30066
      Loan Number: 0541653796

This law firm represents Wells Fargo Bank, N.A.  Wells Fargo Bank, N.A. holds the Security Deed respecting the above-described Property.

This law firm has been retained to conduct a non-judicial foreclosure sale of the Property. A foreclosure sale of the Property is scheduled for April 4, 2017.  Pursuant to O.C.G.A. § 44-14-162.2, a copy of the notice of sale submitted to the publisher is enclosed.

Be advised that the name, address, and telephone number of the individual or entity having authority to negotiate, amend and modify the terms of the mortgage loan with the debtor is as follows:

Wells Fargo Bank, N.A.
1 Home Campus
MAC X2303-038
Des Moines, IA 50328-0010
1-800-868-0043

This letter is being sent solely for the purpose of enforcement of the Security Deed through non-judicial foreclosure sale of the Property.

If you signed the Security Deed encumbering the Property, but did not execute the Note secured by the Security Deed, nothing herein shall be construed to suggest that you are personally obligated for the Note indebtedness.



If you did not sign the Security Deed or the Note, but are the current owner of the Property whose identity has been made known to and acknowledged by the secured creditor prior to the time the secured creditor is required to give notice pursuant to O.C.G.A. § 44-14-162.2, you are being sent this letter pursuant to O.C.G.A. § 44-14-162.1.

If you executed the Note, but have received a discharge in a bankruptcy releasing you from personal liability on the loan, be advised that the secured creditor seeks only to enforce the Security Deed through non-judicial foreclosure sale of the Property. This notice is required for that purpose and nothing herein shall be construed to suggest that you are personally obligated for the debt.

If you are currently in the military service, or have been in the military service within the past year, or are a dependent of such a Servicemember, please notify this office immediately. You may be entitled to relief under the Servicemembers Civil Relief Act.

If you have any questions or information relevant to the matters described in this letter, you may call Shapiro Pendergast & Hasty, LLP at 770-220-2535.

Very Truly Yours,
Shapiro Pendergast & Hasty, LLP

Enc.: Notice of Sale

(FC-30 DAY NOTICE LTR)

STATE OF GEORGIA
COUNTY OF COBB

## NOTICE OF SALE UNDER POWER

Because of a default under the terms of the Security Deed executed by Dawn S. Nichols and Tricia Ortiz to Wachovia Bank, National Association dated August 24, 2006, and recorded in Deed Book 14391, Page 2921, Cobb County Records, securing a Note in the original principal amount of $128,600.00, the holder thereof pursuant to said Deed and Note thereby secured has declared the entire amount of said indebtedness due and payable and, pursuant to the power of sale contained in said Deed, will on the first Tuesday, April 4, 2017, during the legal hours of sale, before the Courthouse door in said County, sell at public outcry to the highest bidder for cash, the property described in said Deed, to-wit:

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 56 OF THE 16TH DISTRICT, 2ND SECTION, COBB COUNTY, GEORGIA, BEING LOT 6, BLOCK C, OLDE MILL FORD SUBDIVISION, UNIT I, AS PER PLAT RECORDED IN PLAT BOOK 98, PAGE 95, COBB COUNTY, GEORGIA RECORDS, WHICH PLAT IS INCORPORATED HEREIN BY REFERENCE AND MADE A PART THEREOF.

(Incorrectly shown in Security Deed as: THE FOLLOWING PROPERTY: THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT(S) 56 OF DISTRICT 16, COBB COUNTY, GEORGIA, BEING LOT(S) 6, BLOCK C, OLDE MILL FORD SUBDIVISION, UNIT I, AS PER PLAT RECORDED IN COBB COUNTY, GEORGIA RECORDS. BEING AND INTENDING TO DESCRIBE THE SAME PREMISES CONVEYED IN A DEED RECORDED 12/31/2002, IN BOOK 13657, PAGE 4165.)

Said property is known as 1550 Olde Mill Place, Marietta, GA 30066, together with all fixtures and personal property attached to and constituting a part of said property, if any.

Said property will be sold subject to any outstanding ad valorem taxes (including taxes which are a lien, whether or not now due and payable), the right of redemption of any taxing authority, any matters which might be disclosed by an accurate survey and inspection of the property, any assessments, liens, encumbrances, zoning ordinances, restrictions, covenants, and matters of record superior to the Security Deed first set out above.

The proceeds of said sale will be applied to the payment of said indebtedness and all expenses of said sale as provided in said Deed, and the balance, if any, will be distributed as provided by law.

The sale will be conducted subject (1) to confirmation that the sale is not prohibited under the U.S. Bankruptcy Code and (2) to final confirmation and audit of the status of the loan with the secured creditor.



The property is or may be in the possession of **Dawn S. Nichols, Tricia Ortiz and 1550 Olde Mill Pl Residential Land Trust MKC Management as Trustee, successor in interest or tenant(s).**

> **Wells Fargo Bank, N.A. successor by merger to Wachovia Bank, National Association as Attorney-in-Fact for Dawn S. Nichols and Tricia Ortiz**

File no. 16-060768
SHAPIRO PENDERGAST & HASTY, LLP*
Attorneys and Counselors at Law
211 Perimeter Center Parkway, N.E., Suite 300
Atlanta, GA 30346
770-220-2535/KMM
shapiroandhasty.com
*THE LAW FIRM IS ACTING AS A DEBT COLLECTOR. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

[FC-NOS]

Filed In Office Mar-02-2017 11:30:26
ID# 2017-0029725-CV
Page 1

# General Civil Case Filing Information Form (Non-Domestic)

*Rebecca Keaton*

**Court**
County __Cobb__     Date Filed 01/02/20__
☑ Superior
☐ State     Docket # __17-1-1591-53__

MM-DD-YYYY Rebecca Keaton
Clerk of Superior Court Cobb County

## Plaintiff(s)

Ware, Tony L.
Last    First    Middle I.   Suffix  Prefix   Maiden

Ortiz, Tricia
Last    First    Middle I.   Suffix  Prefix   Maiden

Last    First    Middle I.   Suffix  Prefix   Maiden

Last    First    Middle I.   Suffix  Prefix   Maiden

## Defendant(s)

Wachovia Bank, N.A.
Last    First    Middle I.   Suffix  Prefix   Maiden

Last    First    Middle I.   Suffix  Prefix   Maiden

Last    First    Middle I.   Suffix  Prefix   Maiden

Last    First    Middle I.   Suffix  Prefix   Maiden

**No. of Plaintiffs** __2__

**No. of Defendants** __1__

**Plaintiff/Petitioner's Attorney**     ☑ Pro Se

Ware, Tony L.
Last    First    Middle I.   Suffix

**Bar #** _____

### Check Primary Type (Check only ONE)

☐ Contract/Account
☐ Wills/Estate
☐ Real Property
☐ Dispossessory/Distress
☐ Presonal Property
☑ Equity
☐ Habeas Corpus
☐ Appeals, Reviews
☐ Post Judgement Garnishment, Attachment, or Other Relief
☐ Non-Domestic Contempt
☐ Tort (If tort, fill in right column)
☑ Other General Civil Specify __BILL OF PEACE IN EQUITY AND PERMANENT INJUNCTION__

### If Tort is Case Type:
(Check no more than TWO)

☐ Auto Accident
☐ Premises Liability
☐ Medical Malpractice
☐ Other Professional Negligence
☐ Product Liability
☑ Other Specify __FRUAD, GROSS NEGLIGENCE, QUITE TITLE AND GEORGIA RICO ACT__

**Are Punitive Damages Pleaded?** ☑ Yes ☐ No

☑ I hereby certify that the documents in this filing (including attachments and exhibits) satisfy the requirements for redaction of personal or confidential information in O.C.G.A. 9-11-7.1

Filed In Office Mar-02-2017 11:30:26
ID# 2017-0029726-CV
Page 1
*Rebecca Keaton*
Rebecca Keaton
Clerk of Superior Court Cobb County

DISCLOSURE STATEMENT
CLERK OF SUPERIOR COURT

CASE NUMBER __17-1-1591-33__
Assigned by Clerk

__Tony L. Ware & Tricia Ortiz__
Plaintiff

Vs.

__Wachovia Bank, N.A.__
Defendant

## TYPE OF ACTION

1. ___ Divorce without Agreement Attached
2. ___ Divorce with Agreement Attached
3. ___ Domestic Relations
4. ___ Damages Arising out of Contract
5. ___ Damages Arising out of Tort
6. ___ Condemnation
7. ✓ Equity
8. ___ Zoning- County Ordinance Violations (i.e. Injunctive Relief-Zoning)
9. ___ Zoning Appeals (denovo)
10. ___ Appeal, Including denovo appeal- excluding Zoning

11. ___ URESA
12. ___ Name Change
13. ___ Other
14. ___ Recusal
15. ___ Adoption

## PREVIOUS RELATED CASES

Does this case involve substantially the same parties, or substantially the same subject matter, or substantially the same factual issues, as any other case filed in this court (Whether pending simultaneously or not)?

✓ NO

___ YES- If yes, please fill out the following:
1. Case # _____
2. Parties _____ vs. _____
3. Assigned Judge _____
4. Is this case still pending? ___ Yes ___ No
5. Brief description of similarities:

_____

_Tony Ware_ Pro Se
Attorney or Party Filing Suit

Filed In Office Mar-02-2017 11:30:26
ID# 2017-0029728-CV
Page 1

*Rebecca Keaton*
Rebecca Keaton
Clerk of Superior Court Cobb County

## IN THE SUPERIOR COURT OF COBB COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| TONY L. WARE and TRICIA ORTIZ as legal owners and investors, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION FILE NUMBER: 17-1-1591-53 |
| WACHOVIA BANK, N.A. | § § | **AFFIDAVIT OF FORGERY BY TRICIA ORTIZ** |
| Defendant. | § | |

---

## AFFIDAVIT OF FORGERY BY TRICIA ORTIZ

**PERSONALLY APPEARED** before me, the undersigned attesting officer duly authorized by law to administer oaths is **TRICIA ORTIZ** after being duly sworn deposes and states under oath the following:

1. My name is **TRICIA ORTIZ** and that I am over the age of the majority and suffer from no legal disability.

2. That all statements made in this affidavit are based upon my personal knowledge; information and belief with respect to this affidavit and cancellation.

3. That I am the co-owner of the real property known as: 1550 Olde Mill Place, Marietta, Georgia 30066. See Deed Book 14391, Page 2921.

4. That I am one of the Grantor of the Security Deed that was given by the Grantors as recorded with the Clerk of Superior Court of Cobb County, Deed Book 14391 Page 2921 that was dated on August 24th, 2006.

5. I hereby certify that based upon my personal knowledge, information and belief, that the Security Deeds which is recorded with the Clerk of Superior Court,

**Page 1**

Deed Book 14391, Page 2921 that was filed on September 25th, 2006 is in fact a forgery and void and cannot pass any legal title according to Georgia law.

6. That on September 25th, 2006, the Security Deed that was given by Dawn S. Nichols and myself as recorded with the Clerk of this Superior Court, in Deed Book 14391, Page 2921 appears to me to have been either forged by the Notary Public or other witness to said deed.

7. That the Notary Public improperly witnessed her own signature as a party to the transaction and was therefore disqualified to act as a notary pursuant to O.C.G.A. § 45-17-8(c)(1). Therefore, the Security Deed as recorded in Deed Book 14391 Page 2921 filed on September 25th, 2006 void.

8. Ms. Dawn S. Nichols was told to sign the Security Deed in the State of Florida where she lived at the time she signed it.

9. I was told to sign the Security Deed without a notary and witness being present. I was acting under duress at the time of them giving the Security Deed to Grantee because Wachovia Bank's officers, agents, servants and attorneys did exploit, defrauded and tricked them into signing the Security Deed.

10. Did not know I could not sign the Security Deed without the witness and notary being present. I was tricked and mislead to signing the deed as was constructive forgery in obtaining the Security Deed from Ms. Nichols and me.

11. I never saw any witness sign the Security Deed. I never signed the Security Deed on August 24th, 2006. The deed was given to me in blank form.

**Page 2**

ID# 2017-0029728-CV
Page 3

12. Had I known then, that it was not legal to sign the Security Deed outside the present of the notary and witness, I would not have signed it.

**IN WITNESS AND TESTIMONY,** this affidavit is true, correct and based upon my personal knowledge of the facts stated herein.

**FURTHER AFFIANT SAY NOT.**

This _____2nd_____ day of _____March_____, **2017.**

Respectfully Submitted,

Tricia Ortiz, Affiant

**CERTIFICATE OF NOTARY PUBLIC**

Sworn to and Subscribed before Me,
This _____2nd_____ day of _____March_____, 2017.

STATE NOTARY PUBLIC

TRAVIS ORNDORFF
Notary Public
Cobb County
State of Georgia
My Commission Expires Apr 30, 2018

**Page 3**

Filed In Office Mar-02-2017 12:06:51
ID# 2017-0029799-CV
Page 1

*Rebecca Keaton*
Rebecca Keaton
Clerk of Superior Court Cobb County

## IN THE SUPERIOR COURT OF COBB COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **TONY L. WARE and TRICIA ORTIZ** | § | |
| **as legal owners and investors,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| **v.** | § | **CIVIL ACTION** |
| | § | **FILE NUMBER:** 17-1-1591-53 |
| **WACHOVIA BANK, N.A.** | § | |
| | § | **REQUEST FOR PRODUCTION OF DOCUMENTS** |
| **Defendant.** | § | |
| | § | |

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**COMES Dr. TONY L. WARE, PhD, JD** and **TRICIA ORTIZ** the Plaintiffs in the above-styled action and file their Request for Interrogatories against the Defendant pursuant to O.C.G.A. § 9-11-33(a) and show the following to wit:

The Plaintiff hereby request that Defendant file with the Court their produce and file a copy of the same with the Court within (45) days after service pursuant to Georgia law, O.C.G.A. § 9-11-29.1(3). The failure of the Defendant to timely file answers or objections will lead to sanctions.

The Plaintiffs hereby request that Defendant file with the Court their answers or objections to the following request in writing, within (45) days after service pursuant to Georgia law, O.C.G.A. § 9-11-29.1(3).

PURSUANT TO O.C.G.A. § 9-11-34 YOU ARE HEREBY REQUIRED TO PRODUCE THE DOCUMENTS AND TANGIBLE THINGS REQUESTED HEREIN WHICH ARE IN YOUR POSSESSION, CUSTODY OR CONTROL. THEREFORE, PURSUANT TO THE RULE, EVEN THOUGH YOU MAY NOT HAVE ACTUAL

POSSESSION OF THE DOCUMENTS OR TANGIBLE THINGS THAT ARE WITHIN THE SCOPE OF RULE O.C.G.A. § 9-11-34.

YOU MUST NEVERTHELESS DELIVER THESE MATERIALS IF YOU HAVE CONTROL OVER THEM IN THE SENSE THAT YOU MAY OBTAIN POSSESSION UPON REQUEST FROM A GOVERNMENT AGENCY OR A SUBSIDIARY OR AGENT, SUCH AS AN ATTORNEY.

### INSTRUCTIONS AND DEFINITIONS

The word "documents" as used in this request means any correspondence, notes, memoranda, writings, reports, drafts, books, papers, drawings, ledgers, journals, charts, blueprints, photographs, e-mails, electronic data, or any other type of records or form of data compilation of any kind and any other tangible thing within the scope of discovery as defined in O.C.G.A. § 9-11-34.

"Statement" means any written statement, signed or otherwise adopted or approved by the person making it or a stenographic, mechanical, electrical or other recording or transcription thereof which is a substantial verbatim recital or an oral statement by the person making it and contemporaneously recorded.

You may produce a photocopy in lieu of the original of any document or thing which has been demanded above. As to any document or thing which cannot be photocopied, please identify the location and custodian of such document or thing and the times and conditions upon which it will be made available for inspection.

If any document called for by any request herein is withheld because of claim of privilege or other objection, for each such document state:

1.    Its date and type (e.g. letter or memorandum);

2.    Its author;

3.    The identity of the addressee or recipient(s);

4.    The identity of all other persons who have received, copied or otherwise have been permitted to see all or part of the original or any copy thereof;

5.    A description of each subject matter discussed, described or referred to;

6.    The name of its present custodian; and

7.    The specific reason for your claim of privilege or other objection.

## SUPPLEMENTATION

The Petitioners hereby requests that the Defendant supplement all responses to these Requests for Production of Documents consistent with the provisions of **O.C.G.A. § 9-11-34(a)** of the Georgia Civil Practice Act.

## TIME PERIOD

This request for production of documents and all future requests for documents in this litigation, unless expressly indicated otherwise, pertain to the time period through the date of your responses filed with the Court.

## DOCUMENTS REQUESTED

1. You are to submit all documents read, reviewed, consulted, examined, used, or relied upon in preparing your Responses to Petitioners' Request for Admissions, Interrogatories, Production of Documents and copies of any other documents that are in the possession of the Defendant named herein this request. All document requested herein shall be submitted to the Petitioners.

3. You are to submit all documents regarding, reflecting, concerning, pertaining to, or evidencing the actual, anticipated, contemplated, proposed and concerning any assets or property of the Defendant named in this lawsuit.

4. You are to submit all documents regarding, reflecting, concerning, pertaining to, or evidencing the actual, anticipated, contemplated and proposed concerning any lost claims made against the Defendant named in this lawsuit.

5. You are to submit all documents regarding, reflecting, concerning, pertaining to, or evidencing any lawsuit filed in this State where the Defendant has be sued for mandamus, prohibition and or any willful misconduct in office.

6. You are to submit all documents regarding, reflecting, concerning, pertaining to and or evidencing the actual, anticipated, contemplated defenses filed by the Defendant and or his attorneys.

7. You are to submit all policies of insurance now or in the pass in force and effect and shall furnish copies of any coverage for any claims asserted in this lawsuit against each Defendant and submit copies of any liability insurances.

8. All "statements" concerning the subject matter of this action within the meaning of O.C.G.A. § 9-11-34 of the Civil Practice Act.

9. All documents that support, tend to support, prove, or tend to prove any of the allegations, facts, claims, denials, or other matters asserted in any claim or complaint or other responses to Petitioners' complaint in this civil matter.

10. All documents that refute, or tend to refute, any claims made in Defendant's answer and asserted in your claim in this civil matter.

**Page 4 of 5**

11. Copies of all documents that any Defendant or its attorney(s) plans to use at the trial or to support any motion at any hearing in this case.

**WHEREFORE,** Plaintiffs request that said Defendant, answer, deny and or file its objections to Plaintiffs' first request to produce within (45) days from the date of service upon Defendant or else Plaintiffs will move this Court pursuant to **O.C.G.A. § 9-11-37(d)** for sanction as relief as a matter of right.

**Respectfully submitted this** ___3ʳᵈ___ , **day of March 2017.**

**Dr. Tony L. Ware, PhD, JD, PRO SE**
**Attorney for the Plaintiff** [1]

**Mrs. Tricia Ortiz, PRO SE**
**Attorney for the Plaintiff**

**Dr. Tony L. Ware, PhD, JD**
**P.O. Box 150525-Dept. 0227**
**Atlanta, Georgia 30315-0188**
**(404) 944-9638 (Phone)**
**(404) 601-0813 (Fax)**
**Email: tonylware@yahoo.com**

**Mrs. TRICIA ORTIZ**
**4287 Highborne Drive, N.E.**
**Marietta, Georgia 30066-2428**
**(678) 777-3274 (Phone)**
**Email: mkcmanagement@yahoo.com**

---

[1] **Georgia Uniform Superior Court Rules, Rule 2.1. Attorney states that:**
"The word "attorney" as used in these rules refers to any person admitted to practice in the superior courts of Georgia, and to any person who is permitted, in accordance with law, to represent a party in an action pending in a superior court of the State of Georgia, and *to any person proceeding pro se in an action* pending in a superior court of this state. The word "attorney" is synonymous with "counsel" in these rules." Also see **Georgia Supreme Court Rules, Rule 4(g)** which also reads: *"Pro Se Parties. The words 'counsel' and 'attorney' as used in these rules include pro se parties."*

**Page 5 of 5**

Filed In Office Mar-02-2017 12:06:51
ID# 2017-0029800-CV
Page 1

*Rebecca Keaton*

Rebecca Keaton
Clerk of Superior Court Cobb County

## IN THE SUPERIOR COURT OF COBB COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| TONY L. WARE and TRICIA ORTIZ<br>as legal owners and investors, | § | |
| | § | |
| | § | |
| **Plaintiffs,** | § | |
| v. | § | **CIVIL ACTION** |
| | § | **FILE NUMBER:** 17-1- 1591-53 |
| WACHOVIA BANK, N.A. | § | |
| | § | **FIRST REQUEST FOR ADMISSION** |
| **Defendant.** | § | |

## PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS

**COMES Dr. TONY L. WARE, PhD, JD** and **TRICIA ORTIZ** the Plaintiffs in the above-styled action and file their Request for Admissions against the Defendant pursuant to **O.C.G.A. § 9-11-36(a)** and show the following to wit:

The Plaintiff hereby request that Defendant file with the Court their answers or objections to the following admissions in writing, within (45) days after service pursuant to Georgia law, **O.C.G.A. § 9-11-29.1(3).** The failure of the Defendant to timely file answers or objections shall be deemed admitted.

Defendants are requested to admit, object or deny the following admissions:

1. The Defendant admits to the Court and or to the Jury that it has committed all acts stated in the Plaintiffs' Complaint filed with this Court and admits to all exhibits attached thereto the Complaint as true and correct.

2. The Defendant admits to the Court and or to the Jury that the Plaintiffs are entitled to damages of not less than **$3,850,000.00** stated in the' Complaint and admits that there are no defects stated in Plaintiffs' Complaint.

Page 1 of 3

3. The Defendant admits to the Court and Jury that the Defendant has committed and caused injury to the Plaintiffs and that Defendants' actions were willful misconduct, wanton done in bad faith.  The Defendant also admits that its actions were grossly negligence and were fraudulent against the Plaintiffs.

4. The Plaintiff admits that there are no genuine issues as to any material facts concerning Defendant's liability to the Plaintiffs' and that the Plaintiffs are entitled to a judgment on the pleadings and or summary judgment as to all issues fact and damages with respect to Plaintiffs' Complaint in this action.

5. The Plaintiff admits that it has improperly solicited **$470,320.00** from the Defendants by using the United States Mails through its officers, agents and attorneys which caused Defendants' damages and injury for services not yet ordered and services not yet preformed in violation of **O.C.G.A. § 16-9-52(a)**.

6. The Plaintiff admits it was grossly negligence and committed wanton, willful misconduct and failed to exercise reasonable care to Defendant.

7. The Defendant admits that it committed an illegal trespass against the Plaintiffs on September 5th, 2016 as averred in the Plaintiffs' Complaint.

8. The Defendant admits to the Court and the Jury that all damages and injuries were caused willfully by the Defendant in this action and against the Plaintiffs and that the Plaintiffs are entitled to recover jointly of not less **$5,750,934.58** in punitive damages; attorney fees, interest and all Court cost.

9. The Defendant admits that Plaintiff are entitled to a writ of injunction and bill of peace in equity because the Plaintiffs has no other adequate remedy at law.

**Page 2 of 3**

ID# 2017-0029800-CV
Page 3

10. The Defendant admits that the Complaint state legal claims for relief and that the Plaintiffs' are entitled to such relief as a matter of law.

**WHEREFORE,** the Plaintiffs herein do hereby request that said Defendant, answer, deny or file its objections to Plaintiffs' First Request for Admissions within **(45)** days upon the date of service or else, the Plaintiff shall move this Court under **O.C.G.A. § 9-11-37(d)** for sanction as a matter of right.

Respectfully submitted this _____3rd____ , day of March 2017.

Dr. Tony L. Ware, PhD, JD, PRO SE
Attorney for the Plaintiff [1]

Mrs. Tricia Ortiz, PRO SE
Attorney for the Plaintiff

Dr. Tony L. Ware, PhD, JD
P.O. Box 150525-Dept. 0227
Atlanta, Georgia 30315-0188
(404) 944-9638 (Phone)
(404) 601-0813 (Fax)
Email: tonylware@yahoo.com

Mrs. TRICIA ORTIZ
4287 Highborne Drive, N.E.
Marietta, Georgia 30066-2428
(678) 777-3274 (Phone)
Email: mkcmanagement@yahoo.com

---

[1] **Georgia Uniform Superior Court Rules, Rule 2.1.** Attorney states that:
*"The word "attorney" as used in these rules refers to any person admitted to practice in the superior courts of Georgia, and to any person who is permitted, in accordance with law, to represent a party in an action pending in a superior court of the State of Georgia, and to any person proceeding pro se in an action pending in a superior court of this state. The word "attorney" is synonymous with "counsel" in these rules."* Also see **Georgia Supreme Court Rules, Rule 4(g)** which also reads: *"Pro Se Parties. The words 'counsel' and 'attorney' as used in these rules include pro se parties."*

**Page 3 of 3**

Filed In Office Mar-02-2017 12:42:03
ID# 2017-0029845-CV
Page 1

*Rebecca Keaton*
Rebecca Keaton
Clerk of Superior Court Cobb County

**IN THE SUPERIOR COURT OF COBB COUNTY**

**STATE OF GEORGIA**

| | | |
|---|---|---|
| TONY L. WARE and TRICIA ORTIZ<br>as legal owners and investors, | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION<br>FILE NUMBER: *17-1-1591-53* |
| | § | |
| WACHOVIA BANK, N.A. | § | |
| | § | **FIRST REQUEST FOR INTERROGATORIES** |
| Defendant. | § | |
| | § | |

## PLAINTIFFS' FIRST REQUEST FOR INTERROGATORIES

**COMES Dr. TONY L. WARE, PhD, JD** and **TRICIA ORTIZ** the Plaintiffs in the above-styled action and file their Request for Interrogatories against the Defendant pursuant to O.C.G.A. § 9-11-33(a) and show the following to wit:

The Plaintiff hereby request that Defendant file with the Court their answers or objections to the following interrogatories in writing, within (45) days after service pursuant to Georgia law, O.C.G.A. § 9-11-29.1(3). The failure of the Defendant to timely file answers or objections will lead to sanctions.

The Plaintiffs hereby request that the Defendant answers to the following interrogatories be in writing and under oath, within (45) days after service hereof, or within such other time as the Court may require. When answering these interrogatories, please follow the following instructions to wit:

A. Furnish all requested information, however obtained, including hearsay, that is available to the Defendant in this action, including, but not limited to, information known or obtained by Defendant or Defendant's employees and agents, or appearing in Defendant's documents, and not merely information within the

personal knowledge of the individual(s) executing Defendant's answers to these interrogatories.

B. If the Defendant cannot answer these interrogatories in full after exercising due diligence to secure the information, so state, and answer to the extent possible. Specify the reason for the inability to answer the remainder, and state whatever information or knowledge Defendant has concerning any unanswered portion.

C. These interrogatories are continuing in nature. If the Defendant or its officer and agents obtain any additional information, a supplemental response should promptly be made to the Plaintiffs in this action.

D. If an exact answer cannot be furnished, estimated or approximate information should be supplied. Where an estimate or approximation is supplied, it should be so indicated, and an explanation provided as to the basis upon which the estimate or approximation was made.

E. To the extent that Defendants or Defendants' agent considers any of the following interrogatories to be objectionable in whole or part, any part of the interrogatory which is not considered objectionable should be answered, and any part that is considered objectionable should be identified and the specific ground(s) of objection should be stated in detail.

F. Should the Defendant or Defendant's attorneys should claim any privilege in connection with any information requested by these interrogatories, the precise question as to which the claim is made should be identified, and the nature and

basis of the claim should be stated in detail by the Defendant or Defendant's attorneys appearing in this action.

### INTERROGATORY NO. 1

Please state your full name and any assume names, your current address and your place of employment.

### INTERROGATORY NO. 2

Have the Defendant ever been made a Defendant in any other civil actions or any other Court case?  If so, state the Court, the caption, the case number, the charge or charges filed against you, and state whether there was any final judgment entered against you and the final disposition.

### INTERROGATORY NO. 3

Has any other person ever suffered any damages from your actions as a Judge or an Attorney in any lawsuit or injury or prolonged, serious and/or chronic illness cause by you in any civil action? If so, state when and how were they injured and/or ill, where were they injured and/or ill, describe the injuries and/or illness suffered, and state the name and address of each physician, or other health care professional, hospital and/or clinic rendering their treatment for such injury.

### INTERROGATORY NO. 4

Have you ever claim to have suffered from any psychiatric, psychological and/or emotional injuries as a result of any of Defendant's actions in any lawsuits or counterclaims? If so, state:

a. The name of any psychiatric, psychological and/or emotional injury claimed, and the name and address of each psychiatrist, physician, psychologist, therapist or other health care professional rendering treatment for each injury;

ID# 2017-0029845-CV
Page 4

b. Whether they had suffered any psychiatric, psychological and/or emotional injury prior to the date of the occurrence; and

c. If (b) is in the affirmative, please state when and the nature of any psychiatric, psychological and/or emotional injury, and the name and address of each psychiatrist, physician, psychologist, therapist or other health care professional rendering them any treatment for each injury.

### INTERROGATORY NO. 5

Do you have any photographs, movies and/or videotapes that will be used as evidence to support your defense against the Plaintiffs in this action?  If so, state the date or dates on which such photographs, movies and/or videotapes were taken, the subject thereof, who now has custody of them, and the name, address, occupation and employer of the person taking them.

### INTERROGATORY NO. 6

Have the Defendant (or has anyone acting on your behalf) had any conversations with any person at any time with regard to the manner in which your defense is based and complained of or have any of Defendants' officers, employees, attorneys or agents overheard any statements made by any person at any time with regard to Plaintiffs' claims stated in the Complaint or to the manner in which any objections is raised by the Defendants in their defenses.   If the answer to this interrogatory is in the affirmative, state the following:

a. The date or dates of such conversations and/or statements;

b. The place of such conversations and/or statements;

c. All persons present for the conversations and/or statements;

d. The matters and things stated by the person in the conversations and/or statements;

e. Whether the conversation was oral, written and/or recorded; and

f. Who has possession of the statement if written and/or recorded.

## INTERROGATORY NO. 7

Does the Defendant, it officers, agents or attorneys know of any statements made by any person relating to any matter claim by the Plaintiffs in their claims? If so, give the name and address of each such witness, the date of the statement, and state whether such statement was written and/or oral.

## INTERROGATORY NO. 8

State the name and address of any person involved in or have witnessed any act concerning Plaintiffs' claims or concerning any of Defendant's defense.

## INTERROGATORY NO. 9

Pursuant to O.C.G.A. § 9-11-33(a), provide the name and address of each opinion of any witness who will offer any testimony and state:

a. The subject matter on which the opinion witness is expected to testify;

b. The conclusions and/or opinions of the opinion witness and the basis thereof, including reports of the witness, if any;

c. The qualifications of each opinion witness, including a curriculum vitae and/or resume, if any; and

d. The identity of any written reports of the opinion witness regarding this occurrence.

ID# 2017-0029845-CV
Page 6

## INTERROGATORY NO. 10

Pursuant to O.C.G.A. § 9-11-33(a), the Defendant shall provide the name and address of each witness who will testify at trial or at any final hearing in this civil matter and further state the subject matter of each witness' testimony that will be used at trial or at any hearing in this matter.

Furthermore, please provide all names and addresses of all persons and attorneys who will assist in the trial of any claims or any hearing.

## INTERROGATORY NO. 11

Identify any statements, information and/or documents known to you and requested by any of the foregoing interrogatories which you claim to be work product or subject to any common law or statutory privilege, and with respect to each interrogatory, specify the legal basis for the claim as required by Georgia Law O.C.G.A. § 9-11-26.

## INTERROGATORY NO. 12

Do the Defendant owns any interest in any real estate in the State of Georgia? If so, with regard to each such interest state the following:

a. The size and description of the parcel of real estate, including improvements thereon;

b. The name, address and interest of each person who has or claims to have an ownership interest in the parcel of real estate;

c. The date your interest in the parcel of real estate was acquired;

d. The consideration you transferred or paid for your interest in the parcel of real estate;

e. Your estimate of the current fair market value of the parcel of real estate and your interest therein; and

f. The amount of any indebtedness owed on the parcel of real estate and to whom.

## INTERROGATORY NO. 13

For the preceding three years, list the names and addresses of all associations, partnerships, corporations, enterprises or entities in which each the Defendant have an interest or claim any interest, the nature of your interest or claim of interest therein, the amount of percentage of your interest or claim of interest therein, and an estimate of the value of your interest therein.

## INTERROGATORY NO. 14

During the preceding three years, has the Defendant had any account or investment in any type of financial institution, individually or with another or in the name of another, including checking accounts, savings accounts, certificates of deposit and money market accounts?  If so, with regard to each such account or investment, state the following:

a. The type of account or investment;

b. The name and address of the financial institution;

c. The name and address of each person in whose name the account is held; and

d. Both the high and the low balance of the account or investment, stating the date of the high balance and the date of the low balance.

## INTERROGATORY NO. 15

During the preceding three years, have the Defendant been the holder of or had access to any safety deposit boxes in its personal or corporate name?

If so, state the following:

a. The name of the bank or institution where such box is located;

b. The number of each box;

c. A description of the contents of each box during the immediately preceding three years and as of the date of the answer; and

d. The name and address of any joint or co-owners of such safety deposit box or any trustees holding the box for your benefit.

## INTERROGATORY NO. 16

During the immediately preceding three years, has any person or entity held cash or property on behalf of any Defendant named herein?  If so, state:

a. The name and address of the person or entity holding the cash or property; and

b. The type of cash or property held and the value thereof.

## INTERROGATORY NO. 17

During the preceding three years, has any Defendant owned any stocks, bonds, securities or other investments, including savings bonds?  If so, with regard to each such stock, bond, security or investment state:

description of the stock, bond, security or investment;

a. The name and address of the entity issuing the stock, bond, security or investment;

b. The present value of such stock, bond, security or investment;

c. The date of acquisition of the stock, bond, security or investment;

d. The cost of the stock, bond, security or investment;

e. The name and address of any other owner or owners in such stock, bond, security or investment; and

f. If applicable, the date sold and the amount realized therefrom.

## INTERROGATORY NO. 18

Do the Defendant holds any ownership in any corporate liability insurance policies, annuity or endowment any insurance policies; that would pay or cover any judgment or claim such as the Plaintiffs' claim?

If so, with regard to each such policy state:

a. The name of the company;

b. The number of the policy;

c. The face value of the policy;

d. The present value of the policy;

e. The amount of any loan or encumbrance on the policy;

f. The date of acquisition of the policy; and

g. With regard to each policy, the beneficiary or beneficiaries.

## INTERROGATORY NO. 19

Do the Defendant have any outstanding indebtedness or financial obligations, including mortgages, promissory notes, or other oral or written contracts? If so, with regard to each obligation state the following:

a. The name and address of the creditor;

b. The form of the obligation;

c. The date the obligation was initially incurred;

d. The amount of the original obligation;

e. The purpose or consideration for which the obligation was incurred;

f. A description of any security connected with the obligation;

g. The rate of interest on the obligation;

h. The present unpaid balance of the obligation;

i. The dates and amounts of installment payments; and

j. The date of maturity of the obligation.

## INTERROGATORY NO. 20

Are the Defendant is owed any money or property?  If so, state:

a. The name and address of the debtor;

b. The form of the obligation;

c. The date the obligation was initially incurred;

d. The amount of the original obligation;

e. The purpose or consideration for which the obligation was incurred;

f. The description of any security connected with the obligation;

g. The rate of interest on the obligation;

h. The present unpaid balance of the obligation;

i. The dates and amounts of installment payments; and

j. The date of maturity of the obligation.

## INTERROGATORY NO. 21

Has Defendant ever purchased or contributed towards the payment for or provided other consideration or improvement with regard to any real estate, motorized vehicle, financial account or securities, or other property, real or

personal, on behalf of another person or entity other than your spouse during the preceding three years.  If so, with regard to each such transaction state:

a. The name and address of the person or entity to which you contributed;

b. The type of contribution made by you;

c. The type of property to which the contribution was made;

d. The location of the property to which the contribution was made;

e. Whether or not there is written evidence of the existence of a loan; and description of the written evidence.

## INTERROGATORY NO. 22

During the preceding three years, has any Defendant made any loans to any person or entity, if so, with regard to each such loan state a description of the loan; the value of the loan; the date of the loan; the name and address of the person or entity receiving the loan; whether or not there is written evidence of the existence of a loan; and a description of the written evidence.

## INTERROGATORY NO. 23

During this proceeding and the preceding three years, has the Defendant sold, transferred, conveyed, encumbered, concealed, damaged or otherwise disposed of any property owned by any Defendant in this action, individually or collectively? If so, with regard to each item of property state:

a. A description of the property;

b. The current location of the property;

c. The purpose or reason for the action taken by you with regard to the property;

d. The approximate fair market value of the property;

e. Whether or not there is written evidence of any such transaction; and

f. A description of the written evidence.

### INTERROGATORY NO. 24

During the preceding three years, have any appraisals been made with regard to any of the property listed by Defendants and or any banks and financial institutions under your answers to these interrogatories?  If so, state:

a. The name and address of the person conducting each such appraisal;

b. A description of the property appraised;

c. The date of the appraisal; and

d. The location of any copies of each such appraisal.

### INTERROGATORY NO. 25

During the preceding three years, has the Defendant prepared or has anyone prepared any financial statements, net worth statements, lists of assets and liabilities pertaining to any Defendant's property or financial affairs?  If so, with regard to each such document state:

a. The name and address of the person preparing each such document;

b. The type of document prepared;

c. The date the document was prepared; and

d. The location of all copies of each such document.

### INTERROGATORY NO. 26

State the name and address of any accountant, tax preparer, bookkeeper and other person, firm or entity who has kept or prepared books, documents and records with regard to your income, property, business or financial affairs during the course of your business transactions for the past three years.

## INTERROGATORY NO. 27

List all tax exempt property claimed by any Defendant, identifying each item of property as to the type of property, the date received, the basis on which you claim it is exempt property, its location, and the present value of the property and name each State that the property both real and personal it is located in.

## INTERROGATORY NO. 28

Please give detail information concerning your defenses which dispute Plaintiffs' claims stated in the Petition?  Also state the following:

    a. State and list all defenses that purport to dispute Plaintiffs' claims stated in the Petition in great detail;

    b. State and show how Plaintiffs' defenses lack merit; and

    c. State and list what evidence you have that will dispute Plaintiffs' claims as it relates to this action;

    d. State how Defendant had jurisdiction to issue the November 15th, 2013 final order in the dispossessory action;

    e. State how you obtained jurisdiction over the matter;

    f. State why you believe that the Plaintiffs are not entitled to any relief sought in this action.

## INTERROGATORY NO. 29

Please set forth the facts upon which your defense dispute Plaintiffs' claims. Please state and show in detail how you believe that Plaintiffs complaint fails to state a claim for relief.  State what proof you have that you will present to trial that would dispute Plaintiffs' rights to recovery of any damages and other relief.

## INTERROGATORY NO. 30

Please list the name and address of all persons who personally involved in and personally responsible for responding to these interrogatories.

**WHEREFORE,** Plaintiffs request that said Defendant, answer, deny and or file his objections to Plaintiffs' first interrogatories within **(45)** days from the date of service upon Defendant or else Plaintiffs will move this Court under O.C.G.A. § 9-11-37(d) for sanction as proper relief as a matter of right.

Respectfully submitted this _____3rd_____ , day of March 2017.

_____
**Dr. Tony L. Ware, PhD, JD, PRO SE**
**Attorney for the Plaintiff** [1]


_____
**Mrs. Tricia Ortiz, PRO SE**
**Attorney for the Plaintiff**

**Dr. Tony L. Ware, PhD, JD**
**P.O. Box 150525-Dept. 0227**
**Atlanta, Georgia 30315-0188**
**(404) 944-9638 (Phone)**
**(404) 601-0813 (Fax)**
**Email: tonylware@yahoo.com**

**Mrs. TRICIA ORTIZ**
**4287 Highborne Drive, N.E.**
**Marietta, Georgia 30066-2428**
**(678) 777-3274 (Phone)**
**Email: mkcmanagement@yahoo.com**

_____
[1] **Georgia Uniform Superior Court Rules, Rule 2.1. Attorney states that:**
*"The word "attorney" as used in these rules refers to any person admitted to practice in the superior courts of Georgia, and to any person who is permitted, in accordance with law, to represent a party in an action pending in a superior court of the State of Georgia, and to any person proceeding pro se in an action pending in a superior court of this state. The word "attorney" is synonymous with "counsel" in these rules."* Also see **Georgia Supreme Court Rules, Rule 4(g)** which also reads: *"Pro Se Parties. The words 'counsel' and 'attorney' as used in these rules include pro se parties."*

**Page 14 of 14**

Filed In Office Mar-06-2017 11:41:39
ID# 2017-0031129-CV
Page 1

*Rebecca Keaton*

Rebecca Keaton
Clerk of Superior Court Cobb County

## IN THE SUPERIOR COURT OF COBB COUNTY

### STATE OF GEORGIA

| | | |
|---|---|---|
| TONY L. WARE and TRICIA ORTIZ<br>as legal owners and investors, | § <br> § <br> § | |
| Plaintiffs, | § | |
| v. | § <br> § | **CIVIL ACTION**<br>**FILE NUMBER:** <u>17-1-1591-53</u> |
| WACHOVIA BANK, N.A. | § <br> § | |
| Defendant. | § | **RETURN OF SERVICE OF PROCESS** |

---

<u>RETURN OF SERVICE OF PROCESS</u>

**COMES NOW, MICHAEL T. RIVERS,** a Court-Appointed Permanent Process Server pursuant to **O.C.G.A. § 9-11-4(c)** in the above-styled civil action and that I do hereby certify under oath the following to wit:

1. That on March 2nd, 2017, I personally and properly served the above-named Defendant, **WACHOVIA BANK, N.A.** with Summons, Complaint and Discovery by serving the Defendant's legal agent Brian P. Kemp, Georgia Secretary of State located at: 2 Martin Luther King Jr., Drive, West Tower, Suite 313, Atlanta Georgia 30334 pursuant to **O.C.G.A. § 14-2-1520(c)** in this civil action.

2. That on March 2nd, 2017, I personally and properly served the above-named Defendant, **WACHOVIA BANK, N.A.** with Summons, Complaint and Discovery by serving the Defendant's legal agent Brian P. Kemp, Georgia Secretary of State located at: 2 Martin Luther King Jr., Drive, West Tower, Suite 313, Atlanta Georgia 30334 pursuant to **O.C.G.A. § 9-11-4(e)(7)** in this civil action.

3. I hereby certify that the statements contain in this Return of Service of Process is true and correct and is made upon my personal knowledge.

**Return of Service Page 1 of 2**

ID# 2017-0031129-CV
Page 2

This _____4_____ , day of _____MArch_____ , 2017.

Respectfully Submitted,

Michael T. Rivers, Court-Appointed
Permanent Process Server

**CERTIFICATE OF NOTARY PUBLIC**

Sworn to and Subscribed before Me,

This ___4___ day of ___MArch___ , 2017.

STATE NOTARY PUBLIC

10/26/2019
My Commission Expires On.

Return of Service Page 2 of 2

Filed In Office Mar-09-2017 14:42:27
I D # 2 0 1 7 - 0 0 3 3 6 3 7 - C V
Page 1

*Rebecca Keaton*

Rebecca Keaton
Clerk of Superior Court Cobb County

**IN THE SUPERIOR COURT OF COBB COUNTY**

**STATE OF GEORGIA**

TONY L. WARE and TRICIA ORTIZ
as legal owners and investors,

          **Plaintiffs,**

    **v.**

WACHOVIA BANK, N.A.

       **Defendant.**

**CIVIL ACTION**
**FILE NUMBER: 17-1-1591-53**

## SECOND RETURN OF SERVICE OF PROCESS

    **COMES NOW, MICHAEL T. RIVERS**, a Court-Appointed Permanent Process Server pursuant to **O.C.G.A. § 9-11-4(c)** in the above-styled civil action and that I do hereby certify under oath the following to wit:

    1. That on March 2nd, 2017, I personally and properly served the above-named Defendant, **WELLS FARGO BANK, N.A.** with Summons, Complaint and Discovery by serving the Defendant's legal agent Brian P. Kemp, Georgia Secretary of State located at: 2 Martin Luther King Jr., Drive, West Tower, Suite 313, Atlanta Georgia 30334 pursuant to **O.C.G.A. § 14-2-1520(c)** in this civil action.

    2. That on March 2nd, 2017, I also personally and properly served **WELLS FARGO BANK, N.A.** by serving **WACHOVIA BANK, N.A.** with Summons, Complaint and Discovery by serving Wachovia Bank, N.A. through Defendant's legal agent Brian P. Kemp, Georgia Secretary of State located at: 2 Martin Luther King Jr., Drive, West Tower, Suite 313, Atlanta Georgia 30334 pursuant to **O.C.G.A. § 9-11-4(e)** **(7)** because Wachovia and Wells Fargo on the same.

    3. That based upon my personal knowledge, information and belief the Defendant,

Wachovia Bank, N.A. is in fact, Wells Fargo Bank, N.A. and are the same bank pursuant to the Federal Banking Act, **12 U.S.C. § 215(a)(e).** Thus, any service of process on Wachovia is also service of process on Wells Fargo Bank, N.A.

4. I hereby certify that the statements contain in this Return of Service of Process is true and correct and is based upon my personal knowledge.

**IN WITNESS AND TESTIMONY,** this return of service of process is true, correct and based upon my personal knowledge of the facts stated herein.

**FURTHER AFFIANT SAY NOT.**

This _____9th_____ , day of ____March____ , 2017.

**Respectfully Submitted,**

**Michael T. Rivers, Court-Appointed
Permanent Process Server**

**CERTIFICATE OF NOTARY PUBLIC**

Sworn to and Subscribed before Me,

This __9th__ day of __Mar__ , 2017.

_____
**STATE NOTARY PUBLIC**

_____
**My Commission Expires On:**

MARC ALLARD
NOTARY
EXPIRES
NOV 7, 2019
PUBLIC
GWINNETT COUNTY, GEORGIA

ID# 2017-0033637-CV
Page 2